729 P.2d 949

AMERICAN MODERN HOME INSUR-
ANCE COMPANY, an Insurance
Company, Plaintiff/Appellee,

v.

Alfredo ROCHA and Candelaria Rocha,
his wife; Ralph Page and Laura Page,
his wife; Richard C. Matthews and Che-
ryl L. Matthews, his wife, Defend-
ants/Appellants.

No. 2 CA–CIV 5714.

Court of Appeals of Arizona,
Division 2, Department A.

July 17, 1986.

Review Denied Nov. 25, 1986.

Sorenson, Moore, Evens & Burke by
George R. Sorenson and John S. Schaper,
Phoenix, for plaintiff/appellee.

Cole & O'Neil by A. Thomas Cole, Casa
Grande, for defendants/appellants.

## OPINION

HATHAWAY, Chief Judge.

The trial court granted summary judg-
ment in favor of appellee holding that its
home insurance policy covering appellants'
Pages' mobile home did not provide cover-
age for appellant Alfredo Rocha's injury.
All three appellants slaughtered a steer on
property occupied by both appellants Page
and Matthews. After the steer was
slaughtered, it was placed under a tripod.
The steer was to be pulled into a vertical
position by a rope which was attached to
the trailer hitch of Page's vehicle. As the
steer was being pulled off the ground, the
tripod collapsed and injured appellant Ro-
cha. Appellants allege that the injuries
were caused by defective construction of
the tripod.

Appellant Page possessed and resided in
a mobile home that was located on the
property owned by appellant Matthews.
Page had obtained a liability policy on his

mobile home for $25,000 furnished by appellee. The policy read:

"A. Coverage L. PERSONAL LIABILITY

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, . . ."

The policy, however, contained an exclusion which is the basis of this lawsuit. The exclusion reads:

"The policy does not apply . . .

3. To bodily injury *arising out of* the ownership, maintenance, *operation*, use, loading or unloading of:

    b. Any motor vehicle owned or operated by, or rented or loaned to any insured; . . ." (Emphasis added).

Appellant Rocha filed a personal injury suit against both Page and Matthews in Pinal County Superior Court. Appellee refused to defend and denied coverage for the accident based upon the above exclusion. Page's automobile liability carrier settled with Rocha for $15,000. Consent judgment was entered against Matthews and Page for $125,000.

Appellee filed an action for declaratory judgment against all appellants. This action sought determination of appellee's liability under its policy of homeowner's insurance. Both parties moved for summary judgment. The court granted appellee's motion and denied that of appellants. This appeal followed.

There is only one issue raised by appellants in this appeal: Did the superior court err in its finding that the homeowner's insurance policy issued by appellee afforded no coverage for the accident and injuries to appellant Rocha.

Summary judgment is properly granted only where there is no genuine dispute as to any material fact and the inferences to be drawn therefrom, and the moving party is entitled to judgment as a matter of law. *Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 639 P.2d 330 (1982). Therefore, we will view the facts in the light most favorable to appellants.

The determinative issue in both motions for summary judgment was whether the automobile exclusion clause in appellee's homeowner's policy precluded coverage for the accident. We must determine whether there is an issue of material fact as to whether Rocha's injuries arose out of Page's operation of the pickup truck. Appellee argues that any connection between the automobile and the accident invokes the exclusion. For this proposition it cites *Morari v. Atlantic Mutual Fire Insurance Company*, 105 Ariz. 537, 468 P.2d 564 (1970). In *Morari*, a gun discharged while being unloaded from a truck and injured the plaintiff. The insurance company, which held defendant's homeowner policy, denied coverage on the basis that the accident occurred while unloading or loading a vehicle and fell within that specific policy restriction. In *Morari*, the supreme court did say:

"The unloading does not have to be the cause in the sense of proximate cause of the accident. The accident need only be connected with the unloading." 105 Ariz. at 539, 468 P.2d at 566.

On the basis of that statement alone, appellee would seem to be right. The statement, however, should be considered in context. The supreme court found that the actions of the plaintiff were in fact negligent and his negligent unloading caused the accident. The court said:

"Hallabrin's act in keeping the gun loaded and *not on safety created a dangerous* condition from which reasonable men might conclude greater care in its subsequent handling was required in order to prevent its accidental discharge. No doubt the rifle could have been removed from the truck with such care that Morari would not have been injured. The careless use in connection with the unloading was the negligent act from which the injury stemmed." 105 Ariz. at 539, 468 P.2d at 566.

Accordingly, the court in *Morari* found a causal connection in the negligent unloading of the gun which caused the injury.

Arizona courts have consistently looked for such a causal connection when invoking similar exclusions in homeowner policies. See *Vanguard Insurance Company v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1972); *Brenner v. Aetna Insurance Company*, 8 Ariz.App. 272, 445 P.2d 474 (1968).

In *Cantrell*, the insured armed with a gun drove up to a drive-in window at a liquor store and shot the clerk. The clerk sued the insured for personal injuries and filed garnishment actions against the insured's homeowner's policy. The homeowner policy read:

"This Company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence...."

The policy excluded:

"a. ... bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: ... any motor vehicle owned or operated by, or rented or loaned to any Insured; ..."

That language is almost identical to the language in the current policy. Clearly in *Cantrell* there was a connection between the use of the car and the injuries caused by the insured since he drove the car and was sitting in the car at the time he shot the injured party. This court held, however, that the insurance company was required to pay and the exclusionary clause did not apply. This court reasoned:

"[C]ourts construing the 'arising out of' clause have held that the words are '... broad, general and comprehensive terms effecting broad coverage ...' but that

the words do import a concept of causation." [citations omitted] 18 Ariz.App. at 488, 503 P.2d at 964.

We also stated in *Brenner, supra*, a case similar to *Morari* in which a party was accidentally injured by a shooting accident occurring in the car:

"From the standpoint of causation, this injury could have occurred in the woods, in a hunting lodge or in a house. That the situs of the accident was in fact within a motor vehicle and the fact that both the tort-feasor and the injured party were 'using' the car at the time does not make the injury one 'arising out of ... use' of the vehicle. Nor did the injury result from any incident of 'ownership' of the vehicle." 8 Ariz.App. at 276, 445 P.2d at 478.

The *Brenner* and *Cantrell* decisions comport with the vast case law majority in this country. This view is considered with approval in 7A, J. Appleman, Insurance Law and Practice, § 4500, p. 177 (Berdal ed. 1979).

"The exclusion of the general liability policy seems to suggest that if the loss arises out of the 'use' of an automobile away from the premises it is excluded. However, such a view ignores the insuring agreement of the different policies, and the fact that one focuses on an occurrence and the other on the automobile. And they are not mutually exclusive. The court has a legitimate interest in determining whether the use of the automobile was the 'occurrence' which produced the liability. Clearly, if the 'use' of the automobile was only incidental to the event that produced liability it should not be an excluded event under homeowner or general liability policies." [1]

---

**1.** In the current situation, there is no allegation that appellant negligently drove the truck. We note, however, that the majority rule is that even in case of concurrent negligence, where the accident has an auto-related and non-auto related causation, the homeowner's policy exclusion of injuries "arising out of the use" of an automobile does not preclude coverage. Apple-

man, *supra*, § 4500 at 179–180 states: "Where the coverage of a risk is reasonably contemplated by the parties and such risk is independent of the 'ownership, maintenance, operation, use, loading and unloading' of a motor vehicle within the meaning of an exclusion clause of a homeowners policy, the risk will be covered under the policy even if the injury also arises

See also, *Interstate Fire & Casualty Company v. Hartford Fire Insurance Company,* 548 F.Supp. 1185 (E.D.Mich.1982); *Glens Falls Insurance Company v. Rich,* 49 Cal.App.3d 390, 122 Cal.Rptr. 696, (1975); *Aetna Casualty & Surety Company v. State Farm Mutual Automobile Insurance Company,* 380 A.2d 1385 (D.C. App.1977); *St. Paul Fire & Marine Insurance Company v. Thomas,* 273 So.2d 117 (Fla.App.), cert. den. 282 So.2d 638 (Fla. 1973); *Viani v. Aetna Insurance Company,* 95 Idaho 22, 501 P.2d 706 (1972), overruled on other grounds, *Sloviaczek v. Estate of Puckett,* 98 Idaho 371, 565 P.2d 564 (1977); *Johns v. State Farm Fire & Casualty Company,* 349 So.2d 481 (La.App. 1977); *Travelers Insurance Company v. Aetna Casualty & Surety Company,* 491 S.W.2d 363 (Tenn.1973).

*Morari* seems to be an exception to the general rule that when guns are actually discharged in automobiles, the homeowner's exclusion does not apply and accordingly should be limited to its unusual facts and circumstances. See 6 A.L.R.4th 555, § 4 (1981); *American Liberty Insurance Company v. Soules,* 288 Ala. 163, 258 So.2d 872 (1972); *Cantrell, supra; Brenner, supra; State Farm Mutual Automobile Insurance Company v. Partridge,* 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973); *Employers Casualty Company v. Azar,* 28 Colo.App. 566, 479 P.2d 979 (1970), aff'd 178 Colo. 58, 495 P.2d 554 (1972); *National Union Fire Insurance Company of Pittsburgh v. Bruecks,* 179 Neb. 642, 139 N.W.2d 821 (1966). The vast majority of courts, including the courts in Arizona, have held that mere connection is insufficient; rather a causal connection between the injuries and the automobile is required before the policy exclusion may be invoked.

■ In the instant case evidence was not adduced from which to decide whether or not there was negligence in the driving of the truck. Appellants, however, in their motion for summary judgment and response to appellee's motion for summary judgment state that the truck was not negligently driven. Appellee does not deny this statement either in its motion for summary judgment or its response to appellants' motion for summary judgment. In fact, appellants agree with appellee that the facts are undisputed. Since it is undisputed that the truck was not negligently driven, and we have held absent appellants' negligence, the policy exclusion does not apply, we hold that appellants are entitled to have their motion for summary judgment granted and judgment entered in the amount of $25,000. The trial court's granting of appellee's motion for summary judgment is reversed. We note that in *Associated Indemnity Corporation v. Warner,* 143 Ariz. 585, 694 P.2d 1199 (App.1983), mod. on other grounds, 143 Ariz. 567, 694 P.2d 1181 (1985), Division One of this court held that an automobile insurance policy which only insured for injuries arising out of the ownership, maintenance or use of the owned automobile necessarily required a causal connection that arose out of negligent acts. It is hornbook law that exclusionary clauses are subject to more strict construction than are covered provisions. *Brenner, supra; State Farm Mutual Automobile Insurance Company v. Partridge, supra.* Therefore, this provision should be even more strictly scrutinized than the provision in *Warner,* and it would be an anomaly to hold that for an exclusionary clause to be invoked there need only be any connection to the use of the automobile, but for the invocation of an inclusionary clause there must be a finding of some negligence. We note also, that appellants have asked for additional coverage beyond the $25,000 provided in appellee's policy. They are not entitled to that additional coverage, however, without a showing of bad faith on the part of the insurance company. That factual question is remanded to the trial court to determine whether there is such a showing of bad

out of the ownership, maintenance, etc. of the vehicle; however, the liability must arise from non-vehicular conduct and must exist independently of the use or ownership of a vehicle." (Footnotes omitted)

faith. *Brisco v. Meritplan Insurance Company*, 132 Ariz. 72, 643 P.2d 1042 (App.1982).

Appellants are awarded their attorneys fees and costs on appeal. The judgment is reversed and the matter is remanded for further proceedings.

HOWARD, P.J., and FERNANDEZ, J., concur.