Hosien KALELL, Appellee,

v.

MUTUAL FIRE AND AUTOMOBILE INSURANCE COMPANY,
Appellee,

and

Rodney R. Petersen and Betty J. Petersen, Defendants,

Farm Bureau Mutual Insurance Company, Appellant.

No. 89–1900.

Supreme Court of Iowa.

June 19, 1991.

Gale E. Juhl of Juhl Law Office, Des Moines, for appellant.

Robert Houghton and Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Hosien Kalell.

Jack W. Rogers, West Des Moines, for appellee Mutual Fire & Auto. Ins. Co.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

LARSON, Justice.

When defendant Rodney Petersen removed a dead limb from a tree by attaching a rope and pulling it with his pickup, a piece of the limb struck the plaintiff, Hosien Kalell. Kalell sued Petersen and his wife Betty, as well as Kalell's own underinsured motorist carrier, Mutual Fire and Automobile Insurance Company. Farm Bureau Mutual Insurance Company, which was the carrier for Petersen's homeowners insurance, intervened and requested a ruling that its homeowners policy did not provide coverage. The district court, in the first stage of its bifurcated proceeding, held that Farm Bureau's homeowners policy exclusion for occurrences "arising out of the use" of a motor vehicle did not relieve it from potential liability. Farm Bureau was granted leave to appeal, and we now affirm.

The district court resolved this legal issue on the basis of the parties' stipulation of facts, Farm Bureau's homeowners insurance policy, Mutual Fire's automobile policy, and depositions. The material facts are not disputed. Petersen cut approximately two-thirds of the way through the limb with a saw, attached a rope, and pulled it with his pickup. The limb broke, and a portion of it struck Kalell on the head, causing serious injuries.

Farm Bureau's exclusion clause provides:

**Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury** or **property damage:**

. . . .

e. arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(2) a **motor vehicle** owned or operated by, or rented or loaned to any **insured** . . . .

The district court found that the "arising out of" language in the exclusion clause was ambiguous and resolved the issue against Farm Bureau.

Construction of an insurance policy, *i.e.*, the process of determining its legal effect, is always a matter of law for the court. The "interpretation" of language,

*i.e.,* the process of determining the meaning of the words used, is also a matter for the court to decide as a matter of law unless it depends on extrinsic evidence or a choice among reasonable inferences to be drawn from it. *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d 104, 107–08 (Iowa 1981). We resolve the issue as a matter of law in this case because no extrinsic evidence was introduced on the meaning of the language.

If an insurance policy provision is ambiguous, we construe it in the light most favorable to the insured; insurance policies are adhesion contracts, and exclusions will be strictly construed against the insurer. *IMT Ins. Co. v. Amundsen,* 376 N.W.2d 105, 107 (Iowa 1985). An insurer must therefore define clearly and explicitly any limitations or exclusions to coverage. *First Newton Nat'l Bank v. General Casualty Co.,* 426 N.W.2d 618, 628 (Iowa 1988). The insurer also has the duty to prove the applicability of the exclusion. *Id.*

The phrase "arising out of" was not defined in the homeowners policy. When words are not defined in the policy, we give them their ordinary meaning. *North Star Mut. Ins. Co. v. Holty,* 402 N.W.2d 452, 455 (Iowa 1987); *Amundsen,* 376 N.W.2d at 107. Farm Bureau cites *Dairyland Insurance Co. v. Concrete Products Co.,* 203 N.W.2d 558, 561 (Iowa 1973), for the proposition that "arising out of" imparts a much more liberal concept of causation than "proximate cause" in the traditional legal sense. It should be noted, however, that in *Dairyland* we interpreted the words "arising out of" broadly to include coverage.

Courts construing *coverage* clauses give the words "arising out of" a broad, general, and comprehensive meaning. They are commonly understood to mean originating from, growing out of, or flowing from, and require only that there be some causal relationship between injury and risk for which coverage is provided. G. Couch, 12 *Insurance* § 45:56, at 286–89 (2d ed. 1981); 6B J. Appleman, *Insurance Law and Practice* § 4317, at 359–63 (R. Buckley ed. 1979). As to an *exclusion* clause, however, a narrow or restrictive construction is required. That is why it is possible for the same words to be encompassed in the coverage language of an automobile policy, yet not in the exclusion clause of a homeowners policy. *See, e.g., Eichelberger v. Warner,* 290 Pa.Super. 269, 275–76, 434 A.2d 747, 750 (1981).

In *Eichelberger,* the insured ran out of gas and pulled her car to the side of the road. Because of a guardrail, she could not pull completely off the road. Two people were helping the insured put gas in the car when the insured stepped back into the road. An oncoming automobile struck the insured, lost control, and ran into the insured's automobile. The insured was killed, and the two people assisting her were injured.

At trial, both the insured and driver of the oncoming vehicle were found to be negligent. On appeal, the issue was whether liability was covered in the insured's automobile or homeowners policy, or both. The language "arising out of the use" was contained in both the inclusionary clause of the automobile policy held by the insured and in the exclusionary language of the homeowners policy.

The court explained

coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured. Exceptions to an insurer's general liability are accordingly to be interpreted narrowly against the insurer. These rules of construction are necessary because, as this court has noted, insurance policies are in essence contracts of adhesion. Because of these canons of construction, it must be emphasized that *a homeowner's policy and an automobile policy are not necessarily mutually exclusive.*

*Id.* at 275–76, 434 A.2d at 750 (emphasis added) (citations omitted).

Applying the above canons of construction, the Pennsylvania court held that both the automobile and homeowners policy covered the insured's negligence. Under the automobile policy, "arising out of" meant that coverage existed if the injury was "causally connected" to ownership, mainte-

nance, or use of the vehicle. Addressing the homeowners policy, the court said:

> The exclusionary clause, although it says that the policy does not apply to bodily injury "arising out of" the ownership, etc., of any motor vehicle, does not state whether such injury must be proximately caused by the auto or simply causally connected with the auto.... [W]e hold that for purposes of an *exclusionary* clause, when the words "arising out of" the use of an automobile are read strictly against the insurer, then it must be concluded that this clause acts to exclude only those injuries which are proximately caused by the automobile. This interpretation is consistent with the general rule that insurance policies are read to effect the policy's dominant purpose of indemnity or payment to the insured.

*Id.* at 278, 434 A.2d at 752. *See also State Farm Mut. Auto. Ins. Co. v. Partridge,* 10 Cal.3d 94, 102, 514 P.2d 123, 128–29, 109 Cal.Rptr. 811, 816–17 (1973); *St. Paul Fire & Marine Ins. Co. v. Thomas,* 273 So.2d 117, 120 (Fla.App.1973); *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.,* 318 N.C. 534, 350 S.E.2d 66, 70 (1986); *Travelers Ins. Co. v. Aetna Casualty & Sur. Co.,* 491 S.W.2d 363, 367 (Tenn.1973).

In another case, *American Modern Home Ins. Co. v. Rocha,* 151 Ariz. 595, 729 P.2d 949 (Ariz.App.1986), the facts were very similar to ours. Three men butchering a steer attempted to hoist it to a vertical position with a tripod and a rope attached to a car. The tripod collapsed, injuring one of the men, who claimed against the homeowners policy of the landowner. The homeowners policy excluded, in language similar to ours, damages "arising out of the ownership, maintenance, operation, use ... of ... [a]ny motor vehicle...." The court held that, when vehicular and nonvehicular conduct combine to cause an injury, the homeowners policy would be applicable notwithstanding the "arising out of" exclusion. *Id.* at 597–98, 729 P.2d at 951–52.

■ We hold that, when two independent acts of negligence are alleged, one vehicle-related and one not vehicle-related, coverage is still provided under the homeowners policy unless the vehicle-related negligence is the sole proximate cause of the injury. Under Iowa law, of course, more than one proximate cause may exist. *See Davis v. Crook,* 261 N.W.2d 500, 506 (Iowa 1978); *DeYarman v. State,* 226 N.W.2d 26, 28 (Iowa 1975). Liability which results from nonvehicular negligence is not excluded by the homeowners policy. As one court noted:

> If a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy. The insurance carrier has the burden of proof as to whether the injury was caused solely by a proximate cause which is excluded under the policy.

*United States Fidelity & Guar. v. State Farm,* 152 Ill.App.3d 46, 48–49, 105 Ill.Dec. 254, 256, 504 N.E.2d 123, 125 (1987).

■ In the present case, liability is alleged as a result of vehicular and nonvehicular negligence. Removal of a limb with a rope could be negligence without regard to whether a motor vehicle was used to pull the rope. If neighbors had been called in to provide the necessary pulling force, and Kalell was injured, the homeowners policy would clearly apply. The use of a pickup to provide the force, we believe, does not excuse the insured from any negligence in his decision to remove the limb with the rope. This could be found to be an independent act of negligence and one which is covered by the policy. If Farm Bureau intended to exclude coverage of an incident simply because it involved a motor vehicle, it was incumbent on it to say so in its policy.

This case must be distinguished from *North Star Mutual Insurance Co. v. Holty,* 402 N.W.2d at 455, because in that case the auger which caused the injury was an

integral part of the motor vehicle. In this case, the rope was not.

Whether Kalell's injuries came solely by the negligent use of the vehicle is an issue for the trier of fact to decide. Because a material issue of fact exists, the trial court correctly denied Farm Bureau's motion for summary judgment. We therefore affirm. Other issues raised on appeal were not presented to the district court, and we therefore do not consider them.

AFFIRMED.