**GRINNELL MUTUAL REINSURANCE COMPANY, Appellee,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant.**

No. 91–1983.

Supreme Court of Iowa.

Jan. 20, 1993.

Marsha K. Ternus and Barbara A. Hering of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

This case involves a dispute between Grinnell Mutual Reinsurance Company (Grinnell) and Employers Mutual Insurance Company (Employers) over the insurers' respective duties to defend and indemnify the insured, Grinnell–Newburg School District (School), for damages which arose from an accident in which Elizabeth Rhodes, a student, suffered injuries in attempting to exit a school bus negligently set in motion by Nathan Gray, one of her classmates. The district court found liability under the Employers business protection policy, notwithstanding the exclusion of coverage for "bodily injury ... arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile ... owned or operated by ... any insured." Finding no error, we affirm the judgment of the district court.

I. *Background.*

The School was insured under both the Grinnell standard vehicle policy and the Employers business protection policy. Rhodes and Gray were students at Grinnell–Newburg Community School and, at the time of the accident, were about to embark with their class on a field trip led by Dana Melcher, an employee teacher of

the School. Rhodes was injured when she jumped from the insured's school bus after it had been put in motion by Gray. The school bus had been left in gear, unlocked, and unattended with the keys in the ignition. No one was supervising the students at the time of the accident.

Rhodes and her parents filed suit against the School and Melcher for injuries suffered by Rhodes, claiming vehicle-related and nonvehicle-related negligence on the part of both defendants. Grinnell admitted potential liability under its automobile policy and undertook defense of the suit. Employers denied coverage under the motor vehicle exclusion contained in its policy and refused to participate in the defense of the suit or the settlement negotiations. The School's business protection policy with Employers contains the following language:

COVERAGE A—BODILY INJURY
COVERAGE B—PROPERTY DAMAGE
LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or
Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage....

Exclusions

This insurance does not apply:

. . . . .

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile ... owned or operated by or rented or loaned to any insured....

The suit was settled by Grinnell for $251,325.79. Grinnell also incurred $6,284.32 in defense expenses. Grinnell, after settling the suit, filed a petition for declaratory judgment under Iowa Rule of Civil Procedure 267 asking the court to determine the relative rights, duties and responsibilities of the insurers for the claims made against the School and Melcher. In addition, Grinnell sought a money judgment for contribution of fifty percent of the settlement and defense costs; each policy had identical exposure limits of $500,000. The parties submitted the case to the district court on stipulated facts and documents.

The district court found the School's nonvehicle-related acts of failing to properly supervise the students, as well as failing to promulgate and enforce reasonable safety rules regarding school bus loading procedures, were negligent acts and a proximate cause of Rhodes' injuries. Accordingly, the court entered judgment for Grinnell in the amount of $125,622.90 plus $3,142.16 for costs of defense. Employers appeals. The sole issue on appeal is whether the district court correctly applied the motor vehicle exclusion in the Employers business protection policy to the Rhodes' lawsuit.

II. *Scope of Review.*

■ This declaratory judgment action was filed and tried at law. Our review is on error. *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988). The district court's findings of fact have the effect of a jury verdict and are binding on us if supported by substantial evidence. *Id.*

III. *Insurance Policies.*

■ Construction of an insurance policy and the interpretation of its language are matters of law for the court to decide, when as here, neither party offers extrinsic evidence about the meaning of the policy's language. *Kalell v. Mutual Fire & Auto. Ins. Co.,* 471 N.W.2d 865, 866–67 (Iowa 1991). The district court's interpretation of the policy, therefore, is not binding on us. *North Star Mut. Ins. Co. v. Holty,* 402 N.W.2d 452, 455 (Iowa 1987). An insurance policy is construed as a whole, not by its separate provisions. *Aid Ins. Co. v. United Fire & Casualty Co.,* 445 N.W.2d 767, 769 (Iowa 1989).

Coverage clauses are construed differently than exclusionary clauses. When construing coverage clauses, the words "arising out of" are given a broad, general and comprehensive meaning. *Kalell*, 471 N.W.2d at 867. Exclusionary clauses, however, require a narrow or restrictive construction. *Id.* Therefore, it is possible for the same language to be encompassed in the coverage of an automobile policy, yet not in the exclusion of a general liability policy. *Id.* A motor vehicle exclusion clause in a general liability policy acts to exclude only those injuries which are proximately caused by the vehicle. *Id.* at 868.

### IV. *Nonvehicle-related Negligence.*

Employers argues Rhodes' injuries clearly arose out of the operation, use, loading or unloading of the School's bus because the bus was itself the instrumentality that caused the injury. All allegations of negligence, Employers maintains, are vehicle-related and fall within the terms of the motor vehicle exclusion. Therefore, Employers concludes, vehicle-related negligence must be the sole proximate cause of Rhodes' injuries. Employers urges the facts of this case are like those in *Holty*, where coverage was denied under the motor vehicle exclusion.

Grinnell urges the facts of the case establish separate acts of negligence, both vehicle-related and nonvehicle-related. Grinnell further urges that because liability which results from nonvehicle-related negligence is not excluded by the motor vehicle clause, the general liability policy issued by Employers provides coverage as recognized in *Kalell.*

There is a split of authorities among the various jurisdictions concerning whether the policy exclusion for motor vehicle-related injuries is applicable where the particular accident is alleged to have resulted from more than one cause, one of which is nonvehicle-related. *See* Annotation, *Construction & Effect of Provision Excluding Liability for Automobile-related Injuries of Damage from Coverage of Homeowner's or Personal Liability Policy,* 6 A.L.R.4th 555 (1981). *Compare West Am. Ins. Co. v. Hinze,* 843 F.2d 263, 267 (7th Cir.1988) (motor vehicle exclusion not applicable where negligent supervision of child led to his death by drowning when car rolled into lake) *and Frazier v. State Farm Mut. Auto Ins. Co.,* 347 So.2d 1275 (La.App.), *cert. denied,* 351 So.2d 165 (La. 1977) (motor vehicle exclusion not applicable where negligent supervision of child led to injury of another child who was run over by a motor vehicle) *with National Am. Ins. Co. v. Coburn,* 209 Cal.App.3d 914, 257 Cal.Rptr. 591 (4th Dist.1989) (motor vehicle exclusion applied where insured negligently supervised children that put van in motion causing it to kill another child) *and St. Paul Sch. Dist. v. Columbia Transit,* 321 N.W.2d 41 (Minn.1982) (motor vehicle exclusion applied where insured negligently supervised students and bus loading procedures which resulted in injury to student who was waiting for her bus).

We recognized in *Kalell,* "when two independent acts of negligence are alleged, one vehicle-related and one not vehicle-related, coverage is still provided under the homeowners policy unless the vehicle-related negligence is the sole proximate cause of the injury." *Kalell,* 471 N.W.2d at 868. There can be more than one proximate cause of an injury. *Id.* (citing *Davis v. Crook,* 261 N.W.2d 500, 506 (Iowa 1978)). Proximate cause is defined as:

> The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as a cause.

Iowa Civil Jury Inst. 700.3; *see Jones v. City of Des Moines,* 355 N.W.2d 49, 50 (Iowa 1984). If one act of negligence concurs or combines with another, and if each meets the proximate cause test, then the resulting concurrent negligence renders each act jointly and severally liable for the resulting injury. *Davis,* 261 N.W.2d at

506. Sole proximate cause means the *only* proximate cause. *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 323 (Iowa 1992).

 The district court determined the School's negligent supervision leading to negligent loading of the bus was not vehicle-related and was, or could have been determined to be, a proximate cause of Rhodes' injuries. The court concluded liability which results from nonvehicle-related negligence is covered under the general liability policy issued by Employers. The injury to Rhodes was not caused solely by vehicle-related negligence.

Our review of the record supports the district court's findings and conclusions. The School's negligent supervision of the students is not vehicle-related when the words of the motor vehicle exclusion are narrowly construed. Finding no error, we affirm the judgment of the district court.

AFFIRMED.