Gary Gene SCHLUETER,
Plaintiff–Appellee,

v.

GRINNELL MUTUAL REINSURANCE COMPANY, Defendant–Appellant,

Richard Leon Ruth, Intervenor–Appellee.

No. 95–1063.

Court of Appeals of Iowa.

July 26, 1996.

Richard G. Hileman, Jr., of Simmons, Perrine, Albright & Ellwood, P.C., Cedar Rapids, for defendant–appellant.

James C. Larew and James R. McCoy of the Larew Law Office, Iowa City, for plaintiff–appellee.

Robert S. Hatala and Susan E. Bennett of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, until withdrawal and then Richard Leon Ruth, pro se, for intervenor-appellee.

Heard by SACKETT, C.J., and HABHAB and STREIT, JJ.

STREIT, Judge.

Grinnell Mutual Reinsurance Company (Grinnell) appeals the district court's order granting intervenor-insured Richard Ruth's summary judgment motion in this declaratory judgment action. We affirm.

On December 7, 1992, Richard Ruth loaded a bale of hay onto a tractor and loaded the tractor onto a "goose neck" trailer hitched to a pickup truck in order to transport the hay to a friend's home fifteen miles away. The bale of hay fell off the trailer after Ruth had traveled approximately five miles on Highway 130; he did not realize, however, the bale had fallen until he stopped to check his load about a mile later. Ruth then turned around to retrieve the bale. In the meantime, Gary Schlueter had hit the bale with his car while driving on Highway 130.

In addition to a standard automobile insurance policy issued by Farm Bureau Insurance Company, Ruth had a Farm Guard I insurance policy with Grinnell at the time of the accident. The Grinnell policy contained an exclusion from coverage "arising out of the ownership, operation, maintenance, rental or use of ... any motor vehicle by any insured person...." The policy defined motor vehicle to mean, *inter alia*, "[a] trailer or semi-trailer designed for travel on public roads or subject to motor vehicle registration, except while being towed by a self-propelled farm implement." The policy defined "farm implement" to mean "[a] vehicle principally designed for use off the public roads and for agricultural purposes and which is used in the conduct of agricultural operations."

Schlueter filed suit against Ruth alleging negligence. In addition, Schlueter filed an action for declaratory judgment against Grinnell requesting the court declare that Ruth's policy with Grinnell provided liability coverage for his damages. Ruth intervened in the action. Grinnell filed a motion for summary judgment that was resisted by Schlueter and Ruth. The district court found a "serious and material question of fact as to whether or not the intervenor, Mr. Ruth, was negligent in loading and securing the hay bale" and denied Grinnell's motion for summary judgment. Ruth filed a motion for summary judgment and Grinnell filed a renewed motion for summary judgment. The parties agreed there were no issues of material fact.

Following a hearing, the court granted Ruth's motion for summary judgment and denied Grinnell's motion. It found that the policy exclusion did not preclude Grinnell's duty to defend Ruth, explaining:

> Although the accident here arose out of the use of a vehicle which is excluded under the policy, it also allegedly arose out of one or more concurrent non-vehicle related acts, including the decision to load and secure the bale in the method chosen and the failure to immediately remove the hay bale once it fell off the trailer onto the road.

Grinnell appeals. It argues the district court misconstrued Iowa case law and erred in finding Ruth's negligence was not vehicle-related. We disagree.

■ Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most

favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4.

■ Grinnell argues that the issue in this case—whether this accident falls within the scope of coverage of Ruth's Farm Guard I policy—is resolved under *North Star Mut. Ins. Co. v. Holty*, 402 N.W.2d 452 (Iowa 1987). *Holty* involved an accident where an auger, which had been permanently attached to a gravity box on a farmer's truck, came loose and extended across the center line of the road, injuring a motorcyclist. *Id.* at 453. A claim was made under the farm liability policy, which contained a vehicle exclusion clause similar to Grinnell's Farm Guard I policy.[1] *Id.* The Court held that the "accident cannot be properly characterized as nonvehicle-related and caused solely by the auger." *Id.* at 455. The motor vehicle exclusion applied because the "truck, box and auger constitute one motorized vehicle," as the box and auger had been permanently attached to the truck for nearly twenty years. *Id.* Grinnell relies extensively on the following language from *Holty:*

> If Holty is liable it is not for a general failure to adequately tie down the auger; that act could not render him liable without his use of the vehicle on a public road. Moreover, the movement of the auger depended on the truck's movement and velocity to become a hazard.

*Id.*

The Iowa supreme court has revisited this area on two noteworthy occasions. In *Kalell v. Mut. Fire and Auto. Ins. Co.*, 471 N.W.2d 865, 866 (Iowa 1991), coverage was sought under a homeowners policy with a motor vehicle exclusion when a pickup truck was used to remove a dead limb from a tree with a rope, resulting in injury. The court held coverage was available under the policy, stating, "when two independent acts of negligence are alleged, one vehicle-related and one not vehicle-related, coverage is still provided under the homeowners policy unless the vehicle-related negligence is the sole proximate cause of the injury." *Kalell*, 471 N.W.2d at 868. The court distinguished this case from *Holty*, stating, "in that case the auger which caused the injury was an integral part of the motor vehicle. In this case, the rope was not." *Id.* at 868–69.

In *Grinnell Mut. Reinsurance Co. v. Employers Mut. Casualty Co.*, 494 N.W.2d 690, 691–92 (Iowa 1993), the court held that coverage existed under a general liability policy with a motor vehicle exclusion when a school bus was negligently set in motion by unsupervised students, resulting in injury. The court applied the *Kalell* test and found the "negligent supervision leading to the negligent loading of the bus was not vehicle-related," and was covered under the general liability policy. *Grinnell Mut.*, 494 N.W.2d at 693–94.

Under the rule established in *Holty* and explained in *Kalell* and *Grinnell Mutual*, Schlueter has alleged independent acts of negligence that were not vehicle-related; thus, Grinnell has a duty to defend under the Farm Guard I policy. These allegations include Ruth's failure to properly load the bale of hay onto his tractor and his failure to remove a substance likely to injure after falling on the highway.

Grinnell argues that *Holty* applies and that *Kalell* and *Grinnell Mutual* do not. Grinnell relies on the court's language in *Holty* that states, "the general failure to adequately tie down the auger ... could not render [the insured] liable without the use of the vehicle on a public road." *Holty*, 402 N.W.2d at 455. For purposes of the instant case, however, the key factor of *Holty*, as shown by *Kalell*, is that in *Holty* the dangerous item was a permanent fixture on the motor vehicle; it was not separable from the motor vehicle. *See Kalell*, 471 N.W.2d at 868–69. In neither *Kalell, Grinnell Mutual*, nor the case at bar,

---

1. Grinnell's policy, however, differed in that it did not contain a specific exclusion for liability arising out of the loading and unloading of a motor vehicle.

had the dangerous instrumentality become an integral part of the motor vehicle.

Furthermore, the very language Grinnell relies upon mandates coverage in this instance. In *Holty*, there could be no liability without the use of the vehicle on a public road because the auger was an integral part of the motor vehicle; they were inseparable. In the instant case, the bale of hay was improperly loaded onto the tractor and trailer, a negligent act that is unaffected by what the hay was loaded onto.[2] This is analogous to *Grinnell Mutual* where, although a motor vehicle was the instrumentality causing injury, it was immaterial to the negligence element where the negligent supervision took place. Although Grinnell appears to argue otherwise, it is clearly possible for an injury to occur due to negligent loading of a hay bale that is unrelated to the use of a motor vehicle. Grinnell argues that Ruth's negligence should be characterized as a failure to secure a load against the risk of falling off the trailer and onto a public highway during transport. The characterization, however, is unnecessarily specific. Under a less-strained interpretation of the negligence—that Ruth was negligent in loading the hay—the risk clearly may be either nonvehicle-related or vehicle-related.

In addition, when the bale of hay fell off the tractor, Ruth's failure to remove the hazard from the road was unrelated to the use of a motor vehicle on a public road. The district court relied on *Tillman v. Canal Ins. Co.*, 305 So.2d 602 (La.App.1974), in holding that the failure to remove the bale of hay from the road was not vehicle-related negligence. The *Tillman* court held it was "the intervening act of the driver [failing to remove from the road gravel that had spilled from his truck], apart from the operation of the truck, that set in motion the harm...." *Id.* at 609. Grinnell cites in response *Columbia Mut. Casualty Ins. Co. v. Coger*, 35 Ark. App. 85, 811 S.W.2d 345 (1991), and urges it contains the better rule. *Coger*, however, did not in any way involve a claim of failure to remove material dropped onto a public highway.

Grinnell's position appears to be that any connection with a motor vehicle is grounds for exclusion under the policy language, an argument that has been dismissed by *Kalell* and *Grinnell Mutual*.[3]

Finally, Grinnell argues that the trial court's ruling frustrates the plain intentions of both the insurer and the insured, as the separate insurance policies are purchased to cover separate risks. The fact remains, however, that Ruth's negligence was related both to the risks involving his use of a motor vehicle and to the risks inherent in his farm business; Ruth's activities did not cease to be farm-related merely because a motor vehicle was involved.

Although the accident here arose out of the use of a vehicle that is excluded under the policy, it also allegedly arose out of one or more concurrent nonvehicle-related acts. We affirm the decision of the district court that the policy exclusion does not preclude Grinnell's duty to defend its insured, Richard Ruth.

**AFFIRMED.**

---

2. In addition, the Grinnell policy's general motor vehicle exclusion did not contain the specific exclusion for loading and unloading a motor vehicle contained in the policies in *Holty*, *Kalell*, and *Grinnell Mutual*.

3. Grinnell advanced the opposite argument—that regardless of the fact an automobile was involved, the motor vehicle exclusion should not apply if there is a concurrent, nonvehicle-related proximate cause—in *Grinnell Mut.*, 494 N.W.2d at 693.