**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**ALLIED MUTUAL INSURANCE COMPANY, Appellee.**

No. 95–1554.

Supreme Court of Iowa.

April 23, 1997.

William K. Klinker of Smith, Grigg, Shea & Klinker, Primghar, for appellant.

Richard J. Barry of Montgomery, Barry & Bovee, Spencer, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Two insurance companies were potentially responsible for the coverage for injuries sustained by an automobile passenger who suffered a gunshot wound during a hunting outing. After both companies pointed to the other as responsible, one of them assumed the defense and settled the claims. It then brought this action to recoup against the other insurer. The suit was later dismissed by way of summary judgment. We reverse and remand, vacating a contrary decision by the court of appeals.

We subscribe to the factual summary in the decision of the court of appeals. With minor editorial changes, we quote and adopt it as our own.

Mark Van Otterloo was operating an automobile owned by his father. Present with him were Calvin Bakker, Brent Maassen, and Leon Van Beek. The four young men planned to hunt in a local field which was posted against hunting. Van Otterloo and Bakker left the vehicle and began hunting in the field. Van Beek and Maassen remained in the car. While sitting there they were approached by the owner of the field who protested that Van Otterloo and Bakker were hunting without permission. Van Beek and Maassen then called to the two hunters and backed the vehicle down the road to pick them up. As Van Otterloo was preparing to place his gun in the trunk of the car, the shotgun accidentally discharged, causing projectiles to pass through the open space of the

trunk and into the back seat of the car, injuring Maassen.

The marriage between Van Otterloo's parents, Sherwin and Linda Van Otterloo, had been dissolved. At the time of the accident, Mark was residing with Linda. Sherwin had the car insured under a personal automobile policy by defendant Allied Mutual Insurance Company (Allied).[1] Linda had a homeowners policy with plaintiff American Family Mutual Insurance Company (American Family).[2]

Maassen sued Mark Van Otterloo, alleging he was negligent in discharging his shotgun at the rear of the automobile. American Family undertook Van Otterloo's defense under Linda's homeowners policy, despite a dispute with Allied concerning coverage, and specifically reserved its right to bring a declaratory judgment action against Allied. Allied then intervened seeking to recoup $5000 it had paid to Maassen under the medical pay provision of the policy issued to Sherwin. Allied apparently paid these benefits because Maassen was the "occupant" of the vehicle under the policy. American Family settled all claims in the Maassen lawsuit. It agreed to pay Allied, Maassen, and Maassen's attorney $5000 for Allied's medical pay benefits and Maassen $125,000.

Maassen moved for summary judgment against Allied in an effort to establish Maassen's attorney fees in the recovery of Allied's $5000. Allied resisted and argued

---

1. The Allied auto policy provides in relevant part:

 A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

 B. "Insured" as used in this Part means:

 1. You and any "family member" for the ownership, maintenance or use, including loading or unloading, of any auto or "trailer."

 2. Any person using, including loading or unloading, "your covered auto." This provision (B.2.) does not apply to any person other than:

 a. You or any "family member;"

 b. Your employees; or

 c. A lessee or borrower or any of their employees, while moving property to or from a "covered auto."

 "You" and "your" are defined in the policy as including "the named insured," which in this case is Sherwin Van Otterloo, the owner of the car. "Family member" is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household." "Your covered auto" is defined in the policy as including "any vehicle shown in the declarations." It is undisputed that the car involved here was a vehicle shown in the declarations, and thus is a "covered auto."

 The Allied policy includes a right to recover payments.

 OUR RIGHT TO RECOVER PAYMENT.

 A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

 1. Whatever is necessary to enable us to exercise our rights; and

 2. Nothing after loss to prejudice them.

2. The American Family homeowners policy provides in relevant part:

 COVERAGE D—PERSONAL LIABILITY COVERAGE

 We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy. We will defend any suit, even if it is groundless, false or fraudulent, provided the suit results from bodily injury or property damage not excluded under this coverage. "Insured" is defined in the policy as including the named insureds and the named insureds' "relatives if residents of [the name insured's] household." "Occurrence" is defined in the policy as:

 An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

 (a) bodily injury; or

 (b) property damage.

 The policy also includes the following relevant exclusion:

 1. Coverage D—Personal Liability and Coverage E—Medical Expense do not apply to bodily injury or property damage:

 . . . .

 f. Arising out of the ownership, entrustment, maintenance, operation, use, loading or unloading of:

 . . . .

 2. Any type of motor vehicle, motorized land conveyance or trailer.

that Maassen's attorney was not entitled to one-third of the $5000. Allied then moved to compel payment of the $5000 from Maassen. The trial court ordered [order of November 15, 1993] Allied to pay attorney fees and costs in the amount of $1766.37 and Maassen to pay $3233.33 to Allied. Maassen then dismissed the cause with prejudice.

American Family then brought this declaratory judgment action seeking repayment of the $5000 in medical pay benefits, the monies paid to Maassen and attorney fees. Both American Family and Allied moved for summary judgment. The district court denied American Family's motion for summary judgment but granted Allied's. American Family appeals.

I. We review a district court's ruling granting summary judgment for errors of law. Iowa R.App. P. 4; *Lihs v. Lihs,* 504 N.W.2d 890, 892 (Iowa 1993). We uphold a summary judgment when the moving party shows there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *see C–Thru Container Corp. v. Midland Mfg. Co.,* 533 N.W.2d 542, 544 (Iowa 1995). On review we determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Gerst v. Marshall,* 549 N.W.2d 810, 811–12 (Iowa 1996). The record is reviewed in a light most favorable to the nonmoving party. *Id.*

■ II. The district court relied on alternative grounds for entering summary judgment for Allied. One was a determination that American Family had not sought contribution in its declaratory judgment petition, having only pled indemnity. The district court reasoned that because "American Family has not asked for contribution from Allied" it did not have to decide if American Family could recover against Allied under a

theory of contribution even if both Allied and American Family insurance policies provided coverage.[3]

■ We think American Family's petition was easily sufficient under Iowa rule of civil procedure 69 to raise the demand for contribution. Under rule 69(a) a party is not required to "identify specific theories of recovery; the petition need only apprise the opposing parties of the incident giving rise to the claim and of the general nature of the action." *Pendergast v. Davenport,* 375 N.W.2d 684, 689 (Iowa 1985) (citing *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981)).

> The petition need not allege ultimate facts that support the elements of the cause of action. However, the petition must allege enough facts to give the defendant "fair notice" of the claim asserted so the defendant can adequately respond. A petition gives "fair notice" if it informs the defendant of the incident giving rise to the claim and of the claim's general nature.

*Smith v. Smith,* 513 N.W.2d 728, 730 (Iowa 1994) (citations omitted). We reject the contention that summary judgment can be affirmed on the basis of insufficient pleading.

■ III. The trial court also based its holding on the doctrine of issue preclusion.[4] Issue preclusion serves a dual purpose. First it protects litigants from the "vexation of relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation." *State ex rel. Casas v. Fellmer,* 521 N.W.2d 738, 740–41 (Iowa 1994). Second it furthers the interest of judicial economy and efficiency by preventing unnecessary litigation. *Id.* at 741.

■ Issue preclusion applies if the following four requirements are met: (1) the issue determined in the prior action is identical to

---

3. We note the question is not controlled by an earlier order entered by another judge which transferred the case from equity to law on the stated ground that the declaratory judgment "requests the court to construe and interpret American [Family's] and Allied's policies of insurance," a legal question for the court, and "[t]he petition neither prays for contribution nor prays for equitable relief." This ruling did not estab-

lish the law of the case because it was not final. *Ahls v. Sherwood/Division of Harsco Corp.,* 473 N.W.2d 619, 624 (Iowa 1991).

4. This doctrine is also referred to as "collateral estoppel." *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 n. 2 (Iowa 1981).

the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment. *General Car & Truck Leasing Sys., Inc. v. Lane & Waterman,* 557 N.W.2d 274, 281 (Iowa 1996); *Stanley v. Fitzgerald,* 509 N.W.2d 454, 457 (Iowa 1993); *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981).

 There is ordinarily a status test to be met before applying these four requirements: "the parties in both actions must be the same," or "there must be privity between the party against whom issue preclusion is invoked and the party against whom the issue was decided in the first litigation." *Brown v. Kassouf,* 558 N.W.2d 161, 163 (Iowa 1997) (citing *Hunter,* 300 N.W.2d at 123). The "privity" required for invoking issue preclusion means " 'one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.' " *Brown,* 558 N.W.2d at 163 (quoting *Goolsby v. Derby,* 189 N.W.2d 909, 914 (Iowa 1971)).

 This status test is relaxed where issue preclusion is offered defensively, that is, as a shield rather than a sword. Neither mutuality of the parties nor privity is required

> where issue preclusion is applied defensively *if* the party against whom issue preclusion is invoked was "so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution."

*Brown,* 558 N.W.2d at 163–64 (quoting *Opheim v. American Interinsurance Exch.,* 430 N.W.2d 118, 120 (Iowa 1988)).

 As used in this context, the term "defensive use" means:

a stranger to the judgment in the former action, ordinarily the defendant in the second action, relies upon that judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.

*Brown,* 558 N.W.2d at 164. "In other words, defensively a judgment is used as a 'shield.' " *Hunter,* 300 N.W.2d at 123. In *Opheim* we found issue preclusion was "being invoked defensively against the stranger to the former judgment," and held this qualified as a defensive use. 430 N.W.2d at 120.

In this case Allied is attempting to use issue preclusion defensively in order to establish that Mark Van Otterloo is not covered under the Allied policy. It attempts to do this by using the prior November 15 judgment as a "shield" against American Family's claim that Van Otterloo is covered by the Allied auto policy. Because we think American Family satisfied the status test, we move on to the four issue preclusion requirements.

 We need only consider the second one (the issue was raised and litigated in the prior action) because we think Allied fails to establish this ground. Allied's petition for intervention in the prior action asserted only an unspecified subrogation right to the $5000.[5] Van Otterloo denied this bare assertion in his answer to the petition of intervention, but the only disputed issue between the two insurers involved a claim for attorney fees and costs on the $5000 check. Maassen's motion merely sought fees and costs for Maassen's attorney in regard to the $5000 and did not dispute Allied's right to subrogation. Allied's resistance to this motion for summary judgment challenged only any obligation to pay Maassen's attorney a pro rata share of attorney fees out of the $5000. Nowhere in the earlier action was it suggested, much less litigated, whether Allied was or was not Van Otterloo's insurer.

Because insurance coverage was neither raised nor litigated in the prior action, issue preclusion does not apply.

---

**5.** The petition stated: "3. Intervenor asserts subrogation rights in the amount of $5,000.00 against the defendant."

IV. The trial court also posited its summary judgment on a finding of estoppel by acquiescence. We recently repeated when this doctrine is appropriate.

> [E]stoppel by acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right. Estoppel by acquiescence is based on an examination of the right holder's acts to determine whether the right has been waived.

*In re Marriage of Fields,* 508 N.W.2d 730, 731 (Iowa 1993) (citations omitted). This doctrine "advances a policy of stability and conclusiveness." *Schiltz v. Teledirect Int'l, Inc.,* 524 N.W.2d 671, 674 (Iowa App.1994) (citing *Davidson v. Van Lengen,* 266 N.W.2d 436, 439 (Iowa 1978)).

It is evident that the doctrine serves the same purposes as issue preclusion, but proceeds on the equitable basis of waiver or laches. American Family has in no way "neglected" its right to seek indemnity or contribution against Allied "for such time as would imply an intention to waive or abandon the right." *Fields,* 508 N.W.2d at 731. Summary judgment cannot be affirmed on the basis of estoppel by acquiescence.

V. American Family also assigns error in the district court's refusal to sustain its own motion for summary judgment. That motion contended Allied's policy provided coverage for Mark Van Otterloo and American Family's policy did not. We think it was properly overruled because we conclude both policies provided coverage.

Allied's policy describes an "insured" under the policy this way:

> B. "Insured" as used in this part means:
> 1. You and any *"family member"* for the ownership, maintenance or use, *including loading or unloading,* of any auto or "trailer."
> 2. Any person using, including *loading or unloading,* "your covered auto." This provision (B.2.) does not apply to any person other than:

> a. You or any *"family member;"* [6]
> b. Your employees; or
> c. A lessee or *borrower* or any of their employees, *while moving property to or from* a "covered auto."

(Emphasis added.) Although we agree with Allied that Mark does not qualify as a family member under this language, we think he was covered as a "borrower" of a "covered auto" who was "moving property to or from" the auto.

"Borrower" is undefined in the policy. When a term in an insurance policy is undefined, we give the term "its ordinary meaning" and the one that is "most favorable to the insured, consistent with ordinary speech." *Andresen v. Employers Mut. Cas. Co.,* 461 N.W.2d 181, 184–85 (Iowa 1990).

"Borrow" is defined as

> to receive temporarily from another, implying or expressing the intention either of returning the thing received or of giving its equivalent to the lender; obtain the temporary use of.

Webster's Third New International Dictionary of the English Language 256 (Unabridged 1976). It has also been defined as "to take or receive (something) with the understanding that one will return it or an equivalent." Webster's New World Dictionary of the American Language 164 (2d College ed.1978).

Mark Van Otterloo qualifies as a borrower. There is no suggestion he was using the vehicle without his father's permission and he clearly was "moving property to or from" a "covered auto" as required by the policy. He was loading a shotgun, "property," into his father's "covered" auto.

The American Family homeowners policy provides "personal liability coverage" for "damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy." Mark Van Otterloo is an "insured" under the policy definition because he resides in his mother's household and she is

---

**6.** "Family member" is defined in the policy as "a person related to [the named insured] by blood, marriage, or adoption who is a resident of [the named insured's] household."

the named insured. The accident giving rise to the *Maassen v. Van Otterloo* suit qualified as an "occurrence" under the policy. Thus Mark Van Otterloo is covered unless an exclusion applies, a point the parties dispute.

The policy excludes coverage if the personal liability of Mark Van Otterloo arose out of the "loading and unloading" of "any type of motor vehicle." But "loading or unloading" may not mean the same in an exclusion clause as it does in a general coverage clause. We give automobile exclusion clauses in general liability policies, such as the clause here, "a narrow or restrictive construction." *Gabe's Construction Co. v. United Capitol Ins. Co.*, 539 N.W.2d 144, 146 (Iowa 1995). This is the opposite of the "broad, general and comprehensive" construction given to coverage clauses. *Grinnell Mut. Reins. Co. v. Employers Mut. Cas. Co.*, 494 N.W.2d 690, 693 (Iowa 1993). It is thus possible for the same acts to come within an automobile insurance policy's coverage clause, but not within an identical general liability policy exclusionary clause. *Id.*

A general liability policy's auto exclusion clause will not apply "unless the vehicle-related negligence was, or could have been determined to be, the sole proximate cause of the injury." *Gabe's Construction,* 539 N.W.2d at 146. There can be more than one proximate cause of an injury or accident. *Grinnell Mut.,* 494 N.W.2d at 693. We have defined proximate cause as:

> The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as a cause.

*Id.* "Sole proximate cause means the *only* proximate cause." *Id.* at 694.

Under these authorities American Family's homeowners automobile exclusion clause does not apply unless the *sole proximate cause* of the injury to Maassen in the *Maassen v. Van Otterloo* suit was vehicle-related negligence. If *any* non-vehicle negligence is one of the proximate causes of the injury to

Maassen, then the exclusion clause does not apply and there is coverage under the American Family policy. In determining the proximate cause question for our purposes here, we can look to the petition in the earlier suit because the claim was settled on the basis of that petition.

Mark Van Otterloo's conduct in loading the shotgun into the car cannot be said to be the sole proximate cause of Maassen's injuries. Other, non-vehicle-related negligence was also a proximate cause. This is apparent from the following allegations of negligence in Maassen's petition in the earlier suit:

> 6. During this hunting episode, the defendant was negligent in the following ways:
>
> a. The defendant failed to exercise ordinary care in the handling of his shotgun.
>
> b. The defendant pointed the shotgun at the rear of his automobile and either attempted to unload it while pointing at the car or threw the gun into the trunk while still loaded.
>
> c. Defendant did not use the safety mechanism on the gun.
>
> d. Defendant hunted with a hunting license obtained under the false pretense that he had taken a hunter safety course.
>
> 7. That the defendant carelessly and negligently discharged his shotgun into the trunk of his automobile resulting in a gunshot wound to the lower back of the plaintiff thus causing the injury hereinafter described.

We conclude that the vehicle-related negligence by Mark Van Otterloo was *not* the sole proximate cause of the injuries to Maassen and therefore the automobile exclusion clause in the American Family homeowners policy does not apply. Mark Van Otterloo is covered under the American Family policy.

Because coverage is provided by both policies, the judgment of the trial court must be reversed and the case remanded for a determination of the percentage each insurer is required to pay for the defense and settlement of the *Maassen v. Van Otterloo* lawsuit,

an issue not addressed in the briefs or presented in the record before us.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED.**