**David ERICKSON as Trustee of the Bankruptcy Estate of Patricia A. Johnson, Plaintiff–Appellant,**

v.

**The DES MOINES WATER WORKS and The City of Des Moines, Defendants–Appellees.**

**No. 86–1575.**

Court of Appeals of Iowa.

Jan. 27, 1988.

Bruce H. Stoltze and Patrick W. Brick, Des Moines, for plaintiff-appellant.

Iris J. Post and Ross H. Sidney of Grefe & Sidney, Des Moines, for defendant-appellee Des Moines Water Works.

Louise M. Jacobs, Asst. City Atty., for defendant-appellee City of Des Moines.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

The plaintiff, David Erickson, the trustee of the bankruptcy estate of Patricia A. Johnson, appeals the judgment of the trial court for the defendants, the Des Moines Water Works (Water Works) and the City of Des Moines (City). The plaintiff's action for damages was for injuries sustained by Johnson when she stepped into a water shutoff valve box while crossing a street in Des Moines. On appeal, the plaintiff asserts the trial court erred by admitting certain exhibits into evidence and by refusing to instruct the jury on the nondelegability of the defendants' duties to maintain the valve box.

On February 13, 1984, Johnson, an employee of Polk County, was allegedly injured when she stepped into the valve box on Cherry Street while carrying packages to the Polk County Jail. She brought a negligence action against the defendants herein and against Polk County. Later, the district court ruled her claim against Polk County was barred by the provisions of the Iowa Workers' Compensation Act, Iowa Code chapter 85, and therefore the court granted summary judgment for the county. The cross-claims of Water Works and the City for indemnification and contribution from Polk County were set aside for a separate trial.

Ultimately, the trial proceeded with Erickson, Johnson's bankruptcy trustee, substituted as the plaintiff. At trial, Water Works and the City introduced into evidence over Erickson's objection an application for water service connection submitted by a contractor on behalf of Polk County and a similar application submitted by the county to the Water Works Board of Trustees. Erickson objected to these exhibits as being irrelevant to the negligence action and tending to show that the defendants' duties to maintain the valve box had been delegated to Polk County. The trial court admitted the exhibits but deleted provisions contained therein which referred to indemnification by the county.

Thereafter, Erickson requested the trial court to submit his proposed instruction regarding the nondelegability of the defendants' duties or its own instruction specifically addressing the nondelegability issue. The trial court denied Erickson's request. The court maintained its general instructions regarding the defendants' duties sufficiently apprised the jury of the nondelegable nature of those duties. The jury then returned a verdict for the defendants, upon which judgment was entered. This appeal followed. Our scope of review is for correction of errors at law. Iowa R.App.P. 4.

**I. Jury Instructions.** It was undisputed the duties of the City and Water Works to maintain the valve box were not delegable. Pursuant to this lack of dispute, and

concern regarding the admission into evidence of the two applications for water service, Erickson requested the jury be specifically instructed that these duties were nondelegable.

It is well-settled that if a requested instruction states a correct rule of law having application to the facts of the case, and the concept is not otherwise embodied in the court's instructions, the requested instruction or its substance should be given. *Adam v. T.I.P. Rural Elec. Coop.*, 271 N.W.2d 896, 901 (Iowa 1978). The trial court may, of course, choose its own language in submitting an issue and need not adopt the form requested by a party. *Schuller v. Hy–Vee Food Stores, Inc.*, 328 N.W.2d 328, 332 (Iowa 1982). In determining whether the concept conveyed by the requested instruction is otherwise embodied in the court's instructions, we look to all the relevant instructions and not to any one standing alone. *Henneman v. McCalla*, 260 Iowa 60, 71, 148 N.W.2d 447, 452 (Iowa 1967).

Both the City and Water Works assert the issue of nondelegation was not raised at trial and, therefore, an instruction on that issue would have been inappropriate. In the alternative, the defendants assert the trial court's instructions adequately embodied the concept of nondelegation.

**A.**

We first address whether the admission into evidence of defendants' exhibits J and Q created the need for an instruction on the nondelegability of the defendants' duties.

Exhibit J, an application to Water Works for water service connection submitted by a contractor on behalf of Polk County, stated:

The applicant desires a special connection to supply water to 601 Cherry (Address). The plumber hereby agrees to pay the cost of this connection as evidenced by the current schedule of uniform tap charges, and also agrees to assume full responsibility for all damages or injuries which may occur during construction. The plumber shall cut at the main all

taps which are not in use for the servicing of this property.

*Detail of Work to be Done by Des Moines Water Works* (Polk County Jail) Domestic Service. We, as plumber and owner, agree to comply with the above requirements.

The signatures of the contractor and a representative of Polk County also appeared on the document. Language in Exhibit J referring to the assumption of responsibility for damages or injuries "by the owner," Polk County, was deleted by the trial court.

Exhibit Q, also an application to Water Works for water service connection, was submitted directly by Polk County. It stated, in pertinent part:

The applicant desires a supply of water from the Des Moines Water Works for premises known as 601 Cherry ... and agrees to comply with the rules now in force or hereafter established and applicable thereto, the water to be furnished through ... ferrule inserted in Cherry Street distributing pipe, and to be metered, size and number of meters to be determined by Manager of Des Moines Water Works. Such connection shall be made and service pipe and fixtures, including shut-off valve, stop box, meter box and other necessary fixtures shall be installed by a licensed plumber, approved by said Board, and in accordance with its rules, regulations and requirements, and at the sole expense of the applicant, who shall thereafter own and maintain the same in good serviceable and safe condition.

The undersigned further agrees to make such repairs to or changes in said pipe and fixtures as the manager of said Water Works may direct within five (5) days after receipt of notice in writing so to do, and in the event of failure to make such repairs or changes therein within said time the said Board of Water Works Trustees is hereby authorized to make such repairs or changes at expense of the undersigned, and to charge and collect the actual cost thereof, with ten (10%) per cent added thereto to cover supervision and overhead, at the time the

next succeeding bill for water furnished becomes due. In the event of failure to pay same at said times, or any bill for water within the time now or hereinafter prescribed for payment by said Board, the undersigned agrees that the said Board may without notice, turn the water off from said premises and cease supplying water thereto. If this tap is made in lieu of one or more old service connections, the undersigned agrees to discontinue and properly close the old tap or taps at the main before the new connection is turned on.

The agreements herein on the part of the applicant shall run with the land and be binding upon their heirs, administrators, successors and assigns of the applicant and of the owner of said premises.

This document was also signed by a representative of Polk County. And the trial court again deleted language in the exhibit referring to the agreement of Polk County to indemnify the City and Water Works for claims for damages.

Exhibit J merely informed the jury that Polk County was the owner of the valve box. It did not state or suggest Polk County had any duties, delegated or otherwise, to discharge. Thus, we conclude the admission into evidence of Exhibit J did not create the need for an instruction on the nondelegability of the duties of the City and Water Works.

Exhibit Q, by contrast, informed the jury that Polk County, besides being the owner of the valve box, also had a duty to "maintain the same in good serviceable and safe condition." It then provided a system for repairs to be undertaken, which system required Polk County to make needed repairs within five days of receipt of notice to do so from Water Works. If such repairs were not timely made, Water Works would make the repairs and charge Polk County for the actual cost and an additional surcharge.

These provisions implied that the duty to repair was borne by Polk County, and not the defendants, until the five-day notice period had elapsed. The defendants note,

however, two or more entities may have the same duty of care simultaneously. They assert that is exactly what occurred in this case and, therefore, no delegation took place. However, regardless of whether the defendants did or did not actually attempt to delegate their duties, the jury could have concluded such an attempt was made through the provisions of Exhibit Q. Thus, the introduction into evidence of Exhibit Q created the need to instruct the jury that the City and Water Works could not delegate their duties to maintain the valve box.

### B.

■ We now address whether the trial court's instructions adequately embodied the concept of nondelegation.

Instruction number 20, relating to Water Works, stated:

The plaintiff claims that the defendant Water Works was negligent in allowing the shut-off valve to remain uncovered knowing it would constitute a hazard to the public or that said defendant was negligent in failing to warn or otherwise guard said shut-off valve opening knowing the danger that such a condition constituted to the public.

Under the law the Des Moines Water Works had the duty to exercise ordinary and reasonable care to keep water main valves and water valve boxes placed in public streets in a reasonably safe condition, and had the duty, in the event of a hazardous condition of which it had actual or constructive notice, to remedy such condition or guard against the same by giving warnings of the condition for the protection of the public.

The defendant Water Works is not required to be the insurer of safety against all accidents that occur on or near a water main valve box. However, the Water Works does assume a duty of ordinary care in the maintenance of such apparatus for those members of the public who use the streets on or near such boxes to see that such boxes are maintained in a reasonably safe condition so as not to create a hazard for the public.

This duty that the law imposes upon the Water Works should be determined and measured by the care exercised by reasonably careful and prudent persons acting under like circumstances or conditions, and it is the duty of this defendant to exercise such care as a reasonably careful and prudent person would have exercised in an endeavor to maintain its valve boxes in question in a reasonably safe condition.

So if you find that the valve box at the scene of the accident was in a hazardous condition and that the defendant, Water Works, knew or in the exercise of ordinary care should have known of such fact, then it was the duty of the defendant to take reasonable precautions to render it safe for travel by those using the street in an ordinary way or to warn the traveler of the hazardous condition, if any, and a failure to do so would be negligence on the part of the defendant Water Works.

Instruction number 22, relating to the City, stated:

The law of Iowa requires a municipal corporation such as the defendant, City of Des Moines, Iowa, to exercise ordinary and reasonable care to maintain its streets in a safe condition. However, a municipal corporation such as the City is not required to keep its streets in a condition of absolute safety. The defendant City does not insure the safety of travelers upon its streets, nor is it required to foresee and provide against every possible accident. The defendant City is only required to use ordinary and reasonable care in fulfilling its duty to the traveler upon its streets.

The mere existence of a condition causing injury is not alone sufficient to establish liability on the part of the City. It must have had actual or constructive notice of the hazardous condition and the condition must have existed for sufficient time to enable the City by or through its employees to discover and repair the defect in the exercise of reasonable and ordinary care.

When such duty arises the defendant City must then exercise reasonable care to protect pedestrians from the danger either by eliminating the condition or by warning the pedestrians of the danger. This duty should be determined and measured by the care exercised by reasonable, careful and prudent persons acting under like circumstances or conditions, and it is the duty of the defendant to exercise such care as a reasonably careful and prudent person would have exercised in an endeavor to maintain the street in question in a reasonably safe condition.

If you find the street at the scene of the accident was in a hazardous condition and the defendant, City of Des Moines, knew or in the exercise of ordinary care should have known of such fact, then it was a duty of the defendant City to take reasonable precaution to render it safe for travel by those using it in the ordinary way or to warn the traveler of the hazardous condition, if any, and a failure to do so would be negligence on the part of the defendant City.

These instructions undoubtedly informed the jury of the duties owed by the defendants and when those duties attached. The instructions did not, however, discuss whether the defendants' duties could or could not be delegated. We conclude this omission, after the admission into evidence of the language in Exhibit Q raising the issue of delegation, was error. We therefore reverse and remand for a new trial.

**II. Admissibility of Exhibits J and Q.** Erickson asserts the trial court also erred by admitting Exhibits J and Q into evidence. As this issue is likely to recur on remand, we address it now.

At trial, Erickson objected to both exhibits, contending they were not relevant to this proceeding, or if relevant, their probative value was outweighed by the danger of unfair prejudice.

■ The determination of the relevance of proffered evidence rests within the sound discretion of the trial court; we only reverse upon a showing that discretion has been abused. *State v. Gordon,* 354 N.W.

2d 783, 784 (Iowa 1984); *Carter v. Wiese Corp.,* 360 N.W.2d 122, 130–31 (Iowa App. 1984). Similarly, the determination of whether relevant evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice rests within the discretion of the trial court. *Kelly v. Iowa State Educ. Assn.,* 372 N.W.2d 288, 299 (Iowa App. 1985).

■ Exhibits J and Q disclosed that Polk County owned the valve box and, at the very least, shared a duty with the defendants to maintain it. This information was relevant to the issue of the reasonableness of the defendants' actions. Further, the admission of this information would not have been unfairly prejudicial had an instruction on the nondelegability of the defendants' duties been given, to account for language in Exhibit Q discussed previously. We conclude, therefore, the trial court did not abuse its discretion by admitting these two exhibits.

REVERSED AND REMANDED FOR A NEW TRIAL.