**Joseph M. GALLOWAY, et al.,**
**Plaintiffs–Appellants,**

v.

**Alan ZUCKERT, et al.,**
**Defendants–Appellees.**

No. 88–267.

Court of Appeals of Iowa.

Aug. 23, 1989.

Joseph M. Galloway and Clair J. Galloway, Des Moines, pro se.

Jonathan C. Wilson and Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for defendants-appellees/cross-appellants.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

This appeal arises from a landlord tenant dispute. A jury rejected both the tenants' claims and the owners' counterclaim. The tenants have appealed and the owners have cross-appealed.

The appellants challenge several instructions and evidentiary rulings, as well as the denial of a judgment n.o.v. on one of their claims. The appellees contend there was no evidence to support that part of the verdict rejecting their counterclaim for unpaid rent.

The plaintiffs, Joseph and Clair Galloway, leased office space in a commercial office building in Des Moines. In 1984 the office building was purchased by the defendants, Alan and Janice Zuckert. Various disputes soon arose between the Galloways and Alan Zuckert concerning terms of the lease, renewal of the lease, and conditions of the building. The Galloways also alleged that Alan Zuckert interfered with their business relationship with a fellow tenant, a professional secretary service which the Galloways employed.

While the parties were in contention, Alan Zuckert sent a letter to Joseph Galloway and also sent copies of the letter to two other persons, one of whom did business with the Galloways. Joseph Galloway contends this letter falsely accused him of breaking his word.

The Galloways later filed the present suit, alleging breach of lease, interference with a contractual relationship, and libel. The Zuckerts counterclaimed for unpaid rent.

Our scope of review in this matter is for the correction of errors at law. Iowa R.App.P. 4.

■ I. The Galloways claim that the district court erred by not instructing the jury that the statements in the letter written by Alan Zuckert constituted libel per se. In *Vojak v. Jensen*, 161 N.W.2d 100, 104 (Iowa 1968), the supreme court defined libel and libel per se.

> Libel is defined as a malicious publication, expressed either in printing or writing, or by signs and pictures, tending to injure the reputation of another or to expose him to public hatred, contempt, or ridicule or to injure him in the maintenance of his business.

> Among statements which are libelous per se are those which charge business incompetence or lack of skill in the trade occupation, profession or office by which one earns his living.

*Id.*

These two definitions show the statements in the letter fall within the definition of libel and not libel per se. The statements in question, such as Zuckert was unable to do business with Galloway "on a handshake," may tend to injure the plaintiff in the maintenance of his business, but

they do not specifically charge him with incompetence or lack of skill. However, the court explained the *Vojak* holding in *Kelly v. Iowa State Education Association*, 372 N.W.2d 288, 295 (Iowa App.1985). The court held that, "libel per se is not limited to certain charges. The passage in *Vojak* ... clearly states that the charges listed are 'among' statements that are libelous per se." "Statements of any nature can be libelous per se. All that must be determined is that the court can presume as a matter of law that publication will have a libelous effect." *Id.*

■ The statements in question still cannot be said to be libelous as a matter of law. In addition to the definition set out in *Vojak*, the court in *Kelly* would also include statements that impute dishonesty as being libel per se. The statements by Zuckert, that he was not able to do business with Galloway "on a handshake" or that he did "an about-face," are not synonymous with calling the appellant a liar nor do they impute dishonesty to any great degree. The court in *Kelly* recognized that when a publication is ambiguous, it is for the jury to decide whether a defamatory meaning was conveyed. *Kelly*, 372 N.W.2d at 296. The statements in question were sufficiently ambiguous to allow their submission to the jury, and it was not error to instruct the jury that the statements in the letter constituted mere libel.

■ The Galloways next contend it was error to include actual malice as an element of proof in the jury instructions. The term actual malice, as opposed to legal malice, merely means a plaintiff must *prove* the existence of malice while under legal malice the law *presumes* that it exists. The court in *Vojak* set out the elements of libel and libel per se. "Certain statements are held to be libel per se, which means they are actionable in and of themselves without proof of malice, falsity or damage. In actions based on language not libelous per se, all of these elements must be proved by plaintiff before recovery can be had, but when a statement is libelous per se they are presumed from the nature of the language used." *Vojak*, 161

N.W.2d at 104. The court includes malice as an element in both libel and libel per se. Appellant argues that including the element of actual malice in a claim for mere libel is illogical because it negates the "benefit" of possessing a qualified privilege. In order to overcome a claim of qualified privilege actual malice must be proven. *Id.* at 105. The appellants suggest that if actual malice must be shown in an ordinary libel action the "benefit" of possessing a qualified privilege is a false one. This is not entirely true. The "benefit" exists because actual malice must always be proven to negate a qualified privilege, even when statements would ordinarily constitute libel per se. *Id.* The district court did not err in including actual malice as an element of ordinary libel.

■ The appellants next challenge the definition of malice given to the jury. The district court defined actual malice as a statement made concerning another because of ill-will or hatred, or made recklessly with an intent to injure. In *Kelly*, the court followed the rule set out in *McCarney v. Des Moines Register and Tribune Co.*, 239 N.W.2d 152 (Iowa 1976), regarding what must be shown in order to prove the element of actual malice. "Actual antagonism or contempt has been held insufficient to show malice. So has intent to inflict harm. There must be an intent to inflict harm through falsehood." *Kelly*, 372 N.W.2d at 296. The *McCarney* case involved a public figure, but the definition of malice as an element of libel does not change depending on who is claiming it. The only thing that changes is whether it must be proven or whether the law will presume its existence.

■ The Galloways next challenge the testimony given by the defendant telling why the construction was being done on the leased property, and the testimony by defense witnesses as to the reputation of Alan Zucker as a landlord.

The standard for the review of evidence matters is "clearly unreasonable." "We will not find an abuse of discretion in the trial court's admission or exclusion of evidence unless its action is clearly unreason-

able." *Blakely v. Bates*, 394 N.W.2d 320, 322 (Iowa 1986).

Iowa Rule of Evidence 701 allows a lay witness to testify in the form of an opinion if such testimony is helpful to a clear understanding of his testimony or the determination of a fact in issue. The question as to whether the construction was legitimate or not was in issue and allowing testimony by Zuckert as to why the construction was going on was certainly helpful and within the discretion of the trial judge.

■ The admission of the reputation testimony was not prejudicial to the plaintiff. It was the plaintiff who brought Zuckert's reputation as landlord into contention. It was not clearly unreasonable for the trial judge to view the defendant's character as being in issue and not error to allow the testimony.

■ Finally, appellant contends that the district court should have granted Clair Galloway's motion for a judgment n.o.v. Assuming that a proper motion for a directed verdict was made at the close of all the evidence, of which there is serious doubt and which is required by Iowa Rule of Civil Procedure 243(b), appellant was not entitled to a judgment n.o.v. In reviewing a motion for a directed verdict, the appellate court must consider the evidence in a light most favorable to the non-moving · party. Iowa R.App.P. 14(f)(2). Examining the evidence in that light shows the evidence was sufficient to support the jury's verdict.

II. Defendant's Counterclaim. The jury's findings of fact, that no rent was owed, are supported by substantial evidence. Appellee's request for attorney fees on this issue is denied.

AFFIRMED.