**Dennis D. KAVANAUGH, Appellant,**

v.

**The MEDICAL ASSOCIATES CLINIC, P.C., Appellee.**

**No. 91–1849.**

Court of Appeals of Iowa.

Aug. 27, 1992.

James L. Pillers of Pillers, Pillers & Pillers, P.C., Clinton, for appellant.

Robert M. Bertsch of O'Connor & Thomas, P.C., Dubuque, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

The plaintiff, Dennis Kavanaugh, was hired by the defendant, Medical Associates Clinic, P.C., in February 1987. Kavanaugh was hired to perform marketing work for the clinic's HMO. Kavanaugh had previously worked for the Clinton County sheriff's office and had been subject to the Iowa Civil Service Act. In 1989, the clinic decided to withdraw its marketing operations from Clinton County, and Kavanaugh was discharged in June 1989.

Kavanaugh subsequently filed the present action, alleging breach of contract, breach of implied covenant of good faith, wrongful termination, unfair competition,

fraudulent misrepresentation, and negligent misrepresentation.

The defendant filed a motion for summary judgment and Kavanaugh filed his resistance. The district court granted the clinic's motion for summary judgment. Kavanaugh has appealed.

*Scope of Review:* Our scope of review is for the correction of errors of law. Iowa R.App.P. 4.

## I. *Summary Judgment*

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Downs v. A & H Constr.,* 481 N.W.2d 520, 522 (Iowa 1992). The moving party has the burden to show the nonexistence of a material fact. *Farm Bureau Mutual Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The evidence must be viewed in the light most favorable to the nonmoving party. *Hike v. Hall,* 427 N.W.2d 158, 159 (Iowa 1988). However, the nonmoving party may not simply rest on its pleadings and allegations once a motion for summary judgment is filed. That party must set forth specific facts showing there is a genuine issue for trial. Iowa R.Civ. P. 237(e).

## II. *Unilateral Contract*

■ The trial court found the employer's handbook contained sufficient definite terms to constitute a unilateral contract. However, the court said the terms of the contract permitted the employer to discharge an employee when the employer made organizational changes. The employer argued Kavanaugh's position was eliminated due to organizational changes.

The employee claims the terms of the contract allow discharge only for just cause. He claims the trial court failed to give consideration to the 1982 revision of the employees handbook contained in Chapter 5.10 entitled "Corrective Action", which said:

Part 5. After the employee's probationary period, disciplinary action may be appealed through the grievance procedure. This policy is also designed to insure that the employee is protected from suspension or discharge without just cause.

However, Chapter 2.40 defines what just cause is for termination of employment.

1. Reasons for discharge with notice include, but are not limited to, the following: ...

d. Organizational changes ...

In his brief the employee ignores this provision, except to ask "What type of organizational change was made by the company and was it necessary?"

In his statement of the case contained in his appellant's brief the employee admitted:

In the early part of 1989 the Clinic decided to withdraw its marketing operations from Scott and Clinton counties. In conjunction with the discontinuation of services and marketing, the Clinic discharged Kavanaugh in June of 1989.

The employee in the trial court and in this court has not argued that the company's decision to withdraw its operations from Clinton county (employee's work area) was a pretext other than the one question cited above. We deem the pretextual issue has not been adequately raised.

The thrust of the employee's appeal is the handbook created a unilateral contract which permitted employee's termination only for "just cause." However, this argument ignores the specific authorization for termination, "for organizational changes," the grounds relied on by the trial court.

The employer further claims the disclaimer signed by the employee stating he understands that the handbook is not a contract means there was no meeting of minds necessary to making a contract. The trial court denied this argument. However, this court in *Palmer v. Women's Christian Ass'n,* 485 N.W.2d 93 (Iowa App.1992), held that a similar disclaimer made it clear that no contract was created.

## III. *Permanent Employment*

■ The employee claims oral representations were made to him which insured long-term employment. He acknowledges

an employee claiming permanent employment must demonstrate additional consideration rather than merely a promise of work performance. He asserts the job security he relinquished constitutes additional consideration. He argues the civil service protection he had at his previous position is substantially similar to the tenured position accepted as adequate additional consideration in *Collins v. Parsons College,* 203 N.W.2d 594 (Iowa 1973). Iowa Code chapter 341A provides civil service protection for deputy sheriffs. The trial court noted the key to the *Collins* decision was the tenured nature of the prior employment and concluded no such factor exists here.

We do not decide whether deputy sheriff civil service protection is sufficiently similar to college tenure to meet the *Collins* consideration test. We note that city civil service employees are not protected from reductions in work force. *See* Iowa Code § 400.28 (1991). There is no comparable provision in Iowa code chapter 341A for deputy sheriff civil service.

In support of his claim of an oral contract for future employment, the employee stated he had a sense or a feeling he would have future employment. However, he admitted no specific details were discussed.

We find the employee has failed to generate a genuine issue of material fact to support his claim for an oral contract for future employment due to the lack of definite terms.

We affirm the trial court's ruling granting the employer's motion for summary judgment.

AFFIRMED.