Kenneth A. HICKMAN, Appellant,

v.

IASD HEALTH SERVICES CORP.
a/k/a Blue Cross Blue Shield
of Iowa, Appellee.

No. 96–0734.

Court of Appeals of Iowa.

Oct. 29, 1997.

Christopher A. Clausen of Boliver Law Firm, Marshalltown, for appellant.

Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Heard by SACKETT, P.J., and STREIT and HABHAB*, JJ.

STREIT, Judge.

A parent appeals the denial of insurance coverage for dental treatment rendered more

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

than seventy-two hours after his son's mouth was struck by a baseball. Plaintiff Kenneth Hickman's son, Kent, had several teeth displaced, lost, and fractured in a sporting accident on May 26, 1993. Within seventy-two hours of the accident, Kent was treated for soft tissue lacerations. Misalignment of his teeth prevented immediate dental treatment. Treatment to Kent's mouth, jaw, and teeth began on June 9, 1993, after the pain and inflammation had subsided.

Hickman appeals the trial court's grant of summary judgment to defendant Blue Cross. Because the policy excluded the treatment of dental injuries treated after seventy-two hours the summary judgment ruling is affirmed.

### I. Background & Facts.

Kenneth Hickman had a group *medical* insurance policy with Blue Cross Blue Shield of Iowa. The insurance covered Hickman's son, Kent. The policy excluded dental coverage with limited exceptions including accidental dental injuries "treated within seventy-two hours of the injury. . . ."

In May 1993, Kent was injured when his mouth was struck by a baseball. Blue Cross paid for the dental treatment rendered to Kent within seventy-two hours after the accident, but refused to pay for the dental treatment received more than seventy-two hours after the accident. Hickman sued Blue Cross for refusing to pay for dental expenses incurred more than seventy-two hours after the accident plus the cost of anticipated future care and attorney fees.

Blue Cross filed a motion for summary judgment. Hickman resisted the motion asserting the doctrine of reasonable expectations as a basis for coverage. The court granted Blue Cross's motion for summary judgment ruling the dental expenses were excluded from coverage by the terms of the Blue Cross policy as a matter of law and the doctrine of reasonable expectations did not apply. Hickman appeals.

### II. Breach of Contract.

Review of a district court's grant of summary judgment is for correction of errors of law. Iowa R.App. P. 4; *American Family Mutual Ins. Co. v. Allied Mutual Ins. Co.,* 562 N.W.2d 159 (Iowa 1997).

The crux of this case is interpretation of an exclusion in the medical insurance policy on pages seven and twelve. Page twelve reads:

> **Dental Care.** You are not covered for dental care except those services listed in the section BENEFITS on page 7. Your benefits under this certificate do not include such treatment as replacement or repair of teeth, dental structures, cavities, gingivitis, orthodontia and prostheses (brace), and injury associated with chewing.

Page seven of the policy limits the dental services which are covered. Page seven reads:

> **Accidental Injuries** treated within 72 hours of the injury. Injures associated with the act of chewing *are never covered.*
>
> **Correction of Congenital Jaw Abnormalities**
>
> **Correction of a Lesion** (an abnormal change in mouth due to injury or disease).
>
> **Excision of Temporomandibular (jaw) Joints**
>
> **Incisions** of accessory sinus, mouth, salivary glands or ducts.
>
> **Manipulation** of a dislocation of the jaw.
>
> **Reduction of Facial Bone Fractures.**
>
> **Repair of Mouth or Lips** to correct accidental injury.
>
> **Surgical Removal of Impacted Teeth** if you have a medical condition that requires inpatient hospitalization (such as hemophilia).

Hickman contends the terms should be interpreted to mean that if an insured *commences* treatment for an accidental injury within seventy-two hours of the injury, the policy should cover that treatment and the treatment rendered more than seventy-two hours after the injury which relates back to the original injury. Blue Cross argues the terms should be interpreted to mean any treatment rendered more than seventy-two hours after the accidental injury occurred is excluded from coverage.

■ **A. Policy Exclusion.** Insurance policy exclusions are strictly construed against the insurer. *Kalell v. Mutual Fire & Auto. Ins. Co.*, 471 N.W.2d 865, 867 (Iowa 1991); *see also Grinnell Mut. Reinsurance Co. v. Employers Mut. Casualty Co.*, 494 N.W.2d 690, 693 (Iowa 1993) (exclusionary clauses are given a narrow or restrictive construction). An insurer must define exclusions in clear and explicit terms. *West Bend Mut. Ins. Co. v. Iowa Iron Works*, 503 N.W.2d 596, 598 (Iowa 1993). If an exclusion is clear and unambiguous it must be given effect. *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 776 (Iowa 1993). On the other hand, if an exclusion is fairly susceptible to two reasonable interpretations, the exclusion is ambiguous and the interpretation most favorable to the insured will be adopted. *A.Y. McDonald Indus. v. I.N.A.*, 475 N.W.2d 607, 618–19 (Iowa 1991). Interpreting an insurance policy for ambiguity or lack thereof is a question of law for the court. *See Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 206 (Iowa 1995). In interpreting an insurance policy the court must construe the document as a whole. *Gracey v. Heritage Mutual Ins. Co.*, 518 N.W.2d 372, 373 (Iowa 1994).

The words "you are not covered for dental care except ... [for][a]ccidental [i]njuries treated within 72 hours of the injury" are clear and explicit. There is not more than one reasonable interpretation. Because the policy exclusion is not ambiguous, the exclusion must be given effect. *See Essex Ins. Co.*, 506 N.W.2d at 776. Reviewing the policy as a whole strengthens the conclusion. The policy generally excludes "dental care" expense and expenses for the "replacement or repair of teeth" and "dental structures." All of the disputed expenses are for repair and replacement of Kent's teeth. Because the exclusion is clear and not contrary to the document as a whole, the trial court did not err in determining coverage for dental services more than seventy-two hours after the accidental injury occurred.

■ **B. Reasonable Expectation Doctrine.** Hickman argues that even if the exclusion is clear and explicit, he is entitled to coverage under the doctrine of reasonable expectations. *See Rodman v. State Farm Mutual Automobile Ins. Co.*, 208 N.W.2d 903, 906 (Iowa 1973). To be awarded coverage under the doctrine of reasonable expectations Hickman must prove: (1) an ordinary lay person would misunderstand the policy's coverage or there are circumstances attributable to the insurer which foster coverage expectations; *and* (2) the exclusion is bizarre or oppressive; *or* (3) the exclusion eviscerates explicitly agreed to terms; *or* (4) the exclusion eliminates the dominant purpose of the transaction. *Clark–Peterson Co. v. Independent Insurance Assoc.*, 492 N.W.2d 675, 676–77 (Iowa 1992). Even if the conditions of (1) are satisfied, coverage does not follow unless the conditions of (2), (3), or (4) are also satisfied. *See Aid Mut. Ins. v. Steffen*, 423 N.W.2d 189, 192 (Iowa 1988).

The treatment of Kent's accidental injuries could not be completed within seventy-two hours for valid medical reasons. It is not unusual for dentists to render initial treatment within seventy-two hours of a traumatic injury and then require a patient to come back days later to complete treatment. Even so, the Hickmans cannot recover under the reasonable expectations doctrine because they cannot establish either the second, third, or fourth elements of the doctrine. The coverage afforded allows accidental injuries to be stabilized within seventy-two hours. This is not bizarre or oppressive in light of the purpose of the agreement which is to provide medical insurance. There are not explicitly agreed to terms the exclusion eviscerates.

■ The doctrine of reasonable expectations does not contemplate an expansion of insurance coverage on general equitable basis. *Id.* A sense of what is equitable does not change the plain language of a policy exclusion. It was not error for the trial court to deny Hickman relief under the doctrine of reasonable expectations.

### III. Discovery Dispute.

Appellate review of discovery matters is for an abuse of discretion. *Wagner v. Miller*, 555 N.W.2d 246, 249 (Iowa App.1996). An abuse of discretion occurs when the ruling

rests on grounds or reasons clearly untenable or unreasonable. *Id.*

Hickman propounded interrogatories to Blue Cross seeking information of the number of claims involving similar claims and the rate of those claims paid and denied. He also sought the amount of compensation paid to each of the defendant's employees who were involved with denial of Hickman's claim. Hickman filed a motion to compel answers to the interrogatories after Blue Cross objected to the interrogatories and refused to answer. The court denied the motion to compel concluding the information sought in Hickman's interrogatories was beyond the scope of discovery in Rule 122(a) and the information was not readily available so that its collection would be an undue burden to the defendant.

The issue tried in the case concerned the coverage of the insurance contract. Thus, the court's denying Hickman's motion to compel answers to the interrogatories in question on grounds of relevance and undue burden are neither unreasonable or untenable. The trial court's discovery ruling is affirmed.

**AFFIRMED.**