Mary KESSLER, Appellant,

v.

WAL–MART STORES, INC., Colby West University Trust, Charles I. Colby, Jr., Trustee, Clark A. Colby, Trustee, R. Edith Claiborne, Trustee and Carole L. Clarke, Trustee, Appellees.

No. 97–1449.

Court of Appeals of Iowa.

Oct. 29, 1998.

Stephen D. Hardy and Mark A. Schultheis of Grefe & Sidney, P.L.C., Des Moines, for appellant.

Fred L. Morris of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for appellees.

Heard by CADY, C.J., and STREIT and VOGEL, JJ., but decided by STREIT, P.J., and VOGEL and MAHAN, JJ.

STREIT, P.J.

A disabled consumer claims Wal–Mart violated the handicapped parking space law by not adequately clearing snow from their parking lot. Mary Kessler appeals the trial court's refusal to submit two of her proposed jury instructions, the exclusion of evidence regarding authorization of medical treatment, and the court's ruling on a discovery dispute. Because the requested instructions were not supported by substantial evidence, and the court did not abuse its discretion in ruling on the evidentiary or discovery issues, we affirm.

## I. Background Facts & Proceedings.

Mary Kessler, a handicapped person, slipped and fell on snow and ice in a designated handicapped parking space in a Wal–Mart parking lot in Des Moines. The Des Moines area had received fourteen inches of snowfall the night before Kessler fell. The parking space had been only partially cleared. Kessler suffered an injury to her right wrist necessitating several surgeries. She sued Wal–Mart alleging the store negligently caused the incident and her injuries.

Before trial, the district court denied Kessler's motion to compel the defendant to produce all articles and publications produced by Wal–Mart executives regarding slip and fall claims. During trial, the court excluded statements by Wal–Mart employees that they would pay for Kessler's medical expenses after the accident. When giving jury instructions, the court refused two of Kessler's proposed instructions; one dealing with the requirements for handicapped parking spaces and the other an instruction there was no safe alternative route for the plaintiff. The trial court instructed the jury that the plaintiff was not entitled to recover damages for a second injury. Kessler appeals these issues.

## II.   Standard of Review.

■■■ Litigants are entitled to have their legal theories submitted to the jury if they are supported by the pleadings and substantial evidence in the record. *Thompson v. City of Des Moines*, 564 N.W.2d 839, 846 (Iowa 1997). Evidence is substantial when reasonable minds would accept it as adequate to reach the conclusion. *Smith v. Air Feeds, Inc.*, 556 N.W.2d 160, 165 (Iowa App.1996). If a requested instruction states a correct rule of law which applies to the facts of the case, and the concept is not already contained in the court's instructions, the requested instruction, or the court's own instruction with the same legal substance, should be submitted to the jury. *Erickson v. Des Moines Water Works*, 421 N.W.2d 155, 157 (Iowa App.1988). If the trial court errs in submitting or refusing to submit an instruction, we will reverse only when the error has caused prejudice. *See Coker v. Abell–Howe, Co.*, 491 N.W.2d 143, 143 (Iowa 1992).

■■■ We review evidentiary matters for abuse of discretion. "We will not find an abuse of discretion in the trial court's admission or exclusion of evidence unless its action is clearly unreasonable." *Galloway v. Zuckert*, 447 N.W.2d 553, 555 (Iowa App.1989) (citation omitted). We review the trial court's rulings on discovery for an abuse of discretion. *State ex rel. Miller v. National Dietary Research, Inc.*, 454 N.W.2d 820 (Iowa 1990).

## III.   Jury Instructions.

Kessler contends the trial court erred in refusing to submit two of her proposed instructions to the jury. The first would have instructed the jury on the requirements for handicapped parking spaces as required by Iowa statute and administrative rule. The second would have instructed the jury that if there was no safe alternate route, Kessler could encounter an obvious hazard if she reasonably believed it was necessary and could be safely done.

■■■ Iowa Administrative Code Section 661–18.3(1) [1] requires that parking spaces for handicapped people be 96 inches wide and have an adjacent access aisle 60 inches wide minimum. Kessler argues Wal–Mart's not completely clearing the snow from handicapped lots was tantamount to not providing handicapped parking spaces as required by the administrative code. Kessler asserts this was a violation of a statute and is either negligence per se [2] or evidence of negligence.

Kessler has not shown Wal–Mart violated a statutory or regulatory standard of care or that violation of the rule was the proximate cause of her injury. She was not entitled to such an instruction.

■■■ A duty may be created by statutory enactment when the victim is within the class of persons the statute was intended to protect and the harm suffered the type the

---

1. Single space. Parking spaces for physically handicapped people shall be at least 96 inches wide and shall have an adjacent access aisle 60 inches wide minimum. Parking vehicle overhangs shall not reduce the clear width of an accessible circulation route. Parking spaces and access aisles shall be level with surfaces slopes not exceeding 1:50 in all directions.

2. Negligence per se is conduct which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances, either because it is in violation of a specific statute or because it is so palpably opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have been guilty of it.

legislature was trying to prevent. *Timm v. Clement*, 574 N.W.2d 368, 372 (Iowa App. 1997). For a presumption of negligence to arise from violation of a statute or regulation, it is fundamental the statute or regulation be violated. *See Wiersgalla v. Garrett*, 486 N.W.2d 290, 292 (Iowa 1992).

Kessler presented no evidence showing Wal–Mart failed to comply with the administrative rules in regard to handicapped parking. The plaintiff complains Wal–Mart did not maintain the parking spots. Even if this is true, Wal–Mart did not violate the rule. The rule requires public parking facilities to include a certain number of parking spaces of a specific location and dimension to exist. The rule has no provisions regarding the maintenance of parking spots or snow removal and a requirement that the dimension of the lots be maintained at all times cannot be inferred from the language of the statute. Any duty Wal–Mart had to maintain the dimension of the parking spots is a common law duty only. Accordingly, she was not entitled to have an instruction stating violation of the rule was negligence per se or evidence of negligence.

The rule on which plaintiff relies does not provide her a remedy. The only way Wal–Mart could have violated the rule is by not creating parking spots for physically handicapped people which meet the dimensions of rule 18.3(1). If Wal–Mart had not provided handicapped parking spaces, the legislature has defined Wal–Mart's penalty as a misdemeanor with a fine of one hundred dollars for each violation. *See* Iowa Code § 321L.7 (1997). The private remedy for failure to provide handicapped parking is under the Iowa Civil Rights Act, chapter 216(1)(a), Iowa's counterpart to the Americans with Disability Act. Kessler put forth no evidence showing that Wal–Mart's failure to create handicapped parking spaces was the proximate cause of her injury. Rather, she put forth evidence intended to prove Wal–Mart violated their common-law duties to keep the premises in a reasonably safe condition. The court instructed on Wal–Mart's common law duties to keep the premises in a reasonably safe condition, to warn invitees of unreasonably safe conditions, and instructed the jury

Wal–Mart would be liable for failure to exercise reasonable care if their failure increased the risk of harm to the plaintiff. The instructions adequately informed the jury of the plaintiff's claims supported by the evidence.

■ Kessler also complains the trial court erred in not instructing the jury Kessler had no safe alternate route. Our supreme court has explained the "alternate, safe route" theory as follows:

This, on the well-recognized principle that if a safe and a dangerous way are equally. open, it is the duty of the party to select the safe rather than the dangerous one. This principle has no application, if both places are safe, unless and until rendered unsafe by a breach of duty on the part of him who relies on such principle.

Not until it becomes apparent that he is being put in a place of peril by the wrongful act of the other does the duty arise to adopt means of escape. Until then, he may rely on the performance of duty by the other.

*Steichen v. Shepherd*, 216 N.W.2d 412, 415 (Iowa 1974) (quoting *Birmingham Electric Co. v. Jones* 234 Ala. 590, 176 So. 203, 208 (1937)).

The record is devoid of any showing that one of the routes available to plaintiff was dangerous while another was less dangerous or safe. There is no evidence of such choice confronting Kessler. The "alternate, safe route" principle had no application under the facts of this case. The trial court did not err in refusing to submit the proposed instruction to the jury.

■ Kessler also contends the trial court erred in submitting an instruction to the jury that the plaintiff was not entitled to recover for a second injury. The plaintiff contends her subsequent injury was indivisible from the injury she received in the Wal–Mart parking lot. *See Becker v. D & E Distributing Co.*, 247 N.W.2d 727, 731 (Iowa 1976). The record clearly showed the plaintiff received several injuries to her right wrist after falling in the Wal–Mart parking lot. After the injury she had a successful operation on her right wrist. She fell on her right

wrist again in September of 1995. Dr. Teri Formanek testified the x-rays revealed a new injury. The plaintiff had two other subsequent injuries to her right wrist caused by a fall and by an automobile collision. This evidence was sufficient to submit a jury instruction that the plaintiff could not recover damages caused by a second injury to her right wrist. The trial court's submission of this instruction is affirmed.

### IV. Exclusion of Evidence Regarding Authorization for Medical Treatment.

 Kessler claims the trial court erred in not allowing her to offer evidence that Wal–Mart's managers authorized her medical treatment to rebut an inference she was feigning injury. She claims that during Wal–Mart's case in chief Wal–Mart presented evidence Kessler was feigning injury and implied she sought medical treatment so quickly for the purpose of building a lawsuit. The trial court refused to admit evidence the managers had authorized medical treatment in rebuttal.

The trial court did not abuse its discretion in excluding the evidence. The court balanced the danger that the plaintiff may have been damaged by Wal–Mart's alleged inferences against the evidentiary rule that an offer to pay medical expenses is not admissible to prove liability for an injury. *See* Iowa R. Evid. 409; *Johnson v. State Farm Auto. Ins. Co.,* 504 N.W.2d 135, 138 (Iowa App.1993). The defendant did not offer inadmissible evidence or raise inferences which entitled the Plaintiff to respond by introducing evidence inadmissible under Rule 409. The theory of curative admissibility is not applicable where the plaintiff has shown neither that inadmissible testimony was offered or that prejudice resulted. *See Lala v. Peoples Bank & Trust Co.,* 420 N.W.2d 804, 807–08 (Iowa 1988). The trial court's rulings on these issues are affirmed.

### V. Discovery Dispute.

Kessler contends the trial court erred in refusing to compel Wal–Mart to produce certain documents. Kessler propounded the following request upon Wal–Mart:

5. Please produce all articles and publication containing references or quotations from the Wal–Mart executives, officers, attorneys or agents concerning its position with respect to claims generally and with respect to slip and fall claims specifically. This includes all employee handbooks, manuals, bulletins and other publications, as well as newspaper, magazine, or other articles including such statements.

Plaintiff alleges certain Wal–Mart publications stated, as a policy, Wal–Mart would defend slip and fall claims to the utmost. The documents Kessler requested had no relevance to whether Wal–Mart was negligent in failing to keep its premises reasonably safe, which was the issue in this case. She contends the articles were relevant to attack the credibility of defense witnesses. Although materials which will aid in determining the credibility of defense witnesses are discoverable, this request was overbroad. Kessler's request for Wal–Mart's position "to claims generally," for example, was not relevant. Kessler did not tailor her request to articles which may have been read by managers at the Des Moines Wal–Mart store or policies at the Des Moines Wal–Mart store. Although the better solution may have been to narrow Kessler's request, the trial court's denial of the motion to compel on grounds of relevance and undue burden are neither unreasonable or untenable. *Hickman v. IASD Health Services Corp.,* 572 N.W.2d 165, 168 (Iowa App.1997). The trial court's discovery ruling is affirmed.

**AFFIRMED.**