# IN THE COURT OF APPEALS OF IOWA

No. 16-2148
Filed December 20, 2017

**ROBERT W. MILAS, M.D.,**
        Plaintiff-Appellant,

**vs.**

**SOCIETY INSURANCE and ANGELA BONLANDER,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II (trial and motion to recuse) and Nancy S. Tabor (motion for summary judgment), Judges.

Plaintiff appeals following judgment entry on his claims for fraudulent misrepresentation and breach of contract.  **AFFIRMED.**

Anthony J. Bribriesco, Andrew W. Bribriesco, and William J. Bribriesco of Bribriesco Law Firm, P.L.L.C., Bettendorf, for appellant.

Guy R. Cook of Grefe & Sidney, P.L.C., Des Moines, for appellees.

Considered by Danilson, C.J., McDonald, J., and Blane, S.J.[1]  Tabor, J., takes no part.

---

[1] Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MCDONALD, Judge.**

A treating physician brought an action for breach of contract, negligent misrepresentation, and fraudulent misrepresentation against a workers' compensation insurance carrier and its claims adjuster after the claims adjuster approved an elective surgery for the physician's patient but the carrier declined to pay the physician's entire fee for the elective surgery. The district court dismissed the misrepresentation claims on summary judgment. The claim for breach of contract was tried to a jury. The jury found in favor of the physician and awarded contract damages. The physician timely filed this appeal. He contends the district court erred in dismissing his fraudulent misrepresentation claim on summary judgment, erred in denying his request for an instruction on the claim, and erred in declining to submit the issue of punitive damages to the jury. He also contends the district court should have granted his motion for recusal. On November 17, 2017, we filed an opinion in this matter. We subsequently granted the physician's petition for rehearing and vacated our prior decision pursuant to Rule 6.1204. After considering the petition for rehearing, we now file this opinion.

I.

In January 2012, Rickey Fitzgerald seriously injured himself while performing work for Barker Apartments and filed a workers' compensation claim. Fitzgerald became dissatisfied with the medical care received, and he petitioned for alternate care with Dr. Robert Milas. The workers' compensation commissioner granted the petition, and Dr. Milas became Fitzgerald's treating physician. Dr. Milas recommended Fitzgerald undergo a cervical fusion to treat Fitzgerald's neck and back injuries. Dr. Milas sent a fee estimate to the workers' compensation

insurance carrier, Society Insurance, in the amount of $14,325.87. A claims adjuster, Angela Bonlander, signed the estimate. The signed estimate provided, "SIGNATURE FROM REPRESENTATIVE AT SOCIETY INSURANCE WILL BE THE AUTHORIZATION FOR SURGERY."

After receiving the signed estimate, Dr. Milas performed the cervical fusion. He submitted a bill to Society Insurance for $14,325.87. Society Insurance provided the bill to a third-party auditing service, Health Systems International (HSI). Upon the recommendation of HSI, Society Insurance issued a check to Dr. Milas for $1620.52. Dr. Milas rejected the check and demanded he be paid in full. Two years later, Society Insurance sent Dr. Milas another check for $4958.03. Dr. Milas rejected that payment.

Dr. Milas brought this action against Society Insurance and Bonlander. Dr. Milas asserted claims for negligent misrepresentation, fraudulent misrepresentation, and breach of contract. Society Insurance moved for summary judgment on all counts. The district court granted Society Insurance's motion for summary judgment on the fraudulent misrepresentation claim, concluding there was no evidence showing the defendant had the intent to deceive Dr. Milas in authorizing the elective surgery.

The matter proceeded to trial on the negligent misrepresentation claim and the breach-of-contract claim. The first trial ended during the plaintiff's opening statement after the district court granted a motion for mistrial. Society Insurance subsequently filed a second motion for summary judgment, seeking dismissal of the negligent misrepresentation claim. The district court granted the motion,

concluding the defendants were not in the business of providing information and were entitled to judgment as a matter of law.

The matter proceeded to trial on the claim for breach of contract. Prior to the second trial, Dr. Milas moved to recuse the presiding judge. The district court denied the motion. Dr. Milas sought interlocutory review of the order denying the motion. That, too, was denied. The district court denied Dr. Milas's request for an instruction on the fraudulent misrepresentation claim and declined to submit the issue of punitive damages to the jury. The jury returned a verdict finding Dr. Milas and Society Insurance entered into a contract and finding Dr. Milas and Bonlander had not entered into a contract. The jury found Society Insurance breached the contract and awarded Dr. Milas $14,325.87. Dr. Milas now appeals.

## II.

In his first claim of error, Dr. Milas argues the district court erred in dismissing his claim for fraudulent misrepresentation and in failing to submit a jury instruction on this claim. Dr. Milas contends Society Insurance, in signing the estimate, made a false representation that it would pay the proposed surgical fees knowing it intended to negotiate the fees at a later date. He contends this is a triable issue of fact.

With respect to the summary judgment claim, this court reviews a district court's grant of summary judgment for correction of errors at law. *See Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500 (Iowa 2013). A district court properly grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* at 501. An issue of fact is material if "the dispute is over facts that might affect the outcome of

the suit, given the applicable law." *Weddum v. Davenport Cmty. Sch. Dist.*, 750 N.W.2d 114, 117 (Iowa 2008). "An issue of fact is 'genuine' if the evidence is such that a reasonable finder of fact could return a verdict or decision for the nonmoving party." *Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 362 (Iowa 2014). "We can resolve a matter on summary judgment if the record reveals a conflict concerning only the legal consequences of undisputed facts." *Boelman*, 826 N.W.2d at 501. The burden is on the moving party to show it is entitled to judgment as a matter of law. *Sallee v. Stewart*, 827 N.W.2d 128, 133 (Iowa 2013).

With respect to the jury instruction issue, "[l]itigants are entitled to have their legal theories submitted to the jury if they are supported by the pleadings and substantial evidence in the record." *Kessler v. Wal-Mart Stores, Inc.*, 587 N.W.2d 804, 806 (Iowa Ct. App. 1998). Evidence is substantial when reasonable minds would accept it as adequate to reach the proposed conclusion. *See Smith v. Air Feeds, Inc.*, 556 N.W.2d 160, 165 (Iowa Ct. App. 1996).

There are seven elements of fraudulent misrepresentation: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) justifiable reliance, and (7) resulting injury or damage. *Air Host Cedar Rapids, Inc. v. Cedar Rapids Airport Comm'n*, 464 N.W.2d 450, 453 (Iowa 1990). Scienter and intent to deceive are closely related elements of fraudulent misrepresentation, and the same general analysis applies for each. *See Van Sickle Constr. Co. v. Wachovia Comm. Mortg., Inc.*, 783 N.W.2d 684, 688 (Iowa 2010). "Scienter and intent to deceive may be shown when the speaker has actual knowledge of the falsity of his representations or speaks in reckless disregard of whether those representations are true or false." *Id.* (citation omitted).

On the summary judgment record, Dr. Milas failed to create a triable issue of fact on these two elements. There was no evidence in the summary judgment record showing the defendants made a false representation, had actual knowledge of a false representation, or spoke in reckless disregard of whether any representation was true or false. The fact that Society Insurance's employee, Angela Bonlander, knew the claim would be submitted to a bill review company does not by itself show a misrepresentation because, notwithstanding a contract obligation to pay a sum certain, there is no harm in later asking if a contract obligee is willing to take a lower payment.

"Speculation is not sufficient to generate a genuine issue of fact." *Hlubek v. Pelecky*, 701 N.W.2d 93, 96 (Iowa 2005). In the absence of any evidence from which a jury could infer scienter and intent to deceive, the district court correctly granted summary judgment. *See, e.g., Cannon v. Bodensteiner Implement Co.*, No. 15-0741, 2017 WL 1086787, at *4 (Iowa Ct. App. Mar. 22, 2017) (affirming dismissal of fraudulent misrepresentation claim where there were "no facts supporting the scienter and intent elements of [the] claim or creating a genuine issue material fact as to those elements"); *Polar Insulation v. Garling Constr., Inc.*, No. 15-1051, 2016 WL 6396208, at *3 (Iowa Ct. App. Oct. 26, 2016) (affirming dismissal of fraudulent misrepresentation claim on summary judgment where claim was "largely an extension of [the plaintiff's] breach-of-contract claim in that [plaintiff] claims [defendants] intended to deceive by not paying" and noting the "[f]ailure to fulfill obligations under a contract does not necessarily support a claim for fraudulent misrepresentation"); *Scholapkohl v. Am. Family Mut. Ins. Co.*, No. 15-1612, 2016 WL 5407957, at *8 (Iowa Ct. App. Sept. 28, 2016) (affirming

summary judgment where there was no evidence of intent to deceive regarding the terms of an insurance contract); *D & W Dev., Inc. v. City of Milford*, No. 12-0579, 2013 WL 2145735, at *6 (Iowa Ct. App. May 15, 2013) (affirming dismissal of fraudulent misrepresentation claim where there was no evidence of scienter or intent to deceive).

Nor did substantial evidence support submission of this theory to the jury. No evidence was presented at trial to establish scienter and intent to deceive. Dr. Milas makes much of Bonlander's testimony. She was asked, "You never told Dr. Milas that you intended on negotiating his fees, true?" She replied in the affirmative. But her testimony is not substantial evidence of fraudulent misrepresentation. It is consistent with her testimony that she only authorized the surgery but did not agree to the fee. She understood Dr. Milas to have the same understanding. The district court did not err in declining to instruct the jury on the fraudulent misrepresentation claim.

III.

Dr. Milas requested the jury be instructed on punitive damages. The court declined to give the instruction. Dr. Milas appeals that decision. We review the failure to give a jury instruction for correction of error at law. *See Beyer v. Todd*, 601 N.W.2d 35, 38 (Iowa 1999). Failure to give jury instructions on issues supported by substantial evidence is error. *See Meck v. Iowa Power & Light Co.*, 469 N.W.2d 274, 276 (Iowa Ct. App. 1991). Instructional error warrants reversal if it resulted in prejudice. *See Rudolph v. Iowa Methodist Med. Ctr.*, 293 N.W.2d 550, 555 (Iowa 1980).

Punitive damages may not be awarded unless the jury finds "by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another." Iowa Code § 668A.1 (2013). When the claim for punitive damages arises out of a contract action, an award of punitive damages is allowed only "when the breach (1) constitutes an intentional tort, and (2) is committed maliciously, in a manner that meets the standards of Iowa Code section 668A.1 (1993)." *Magnusson Agency v. Pub. Entity Nat'l Co-Midwest*, 560 N.W.2d 20, 29 (Iowa 1997). Legal malice is conduct exhibiting "willful and wanton disregard for the rights or safety of another." *Schultz v. Sec. Nat'l Bank*, 583 N.W.2d 886, 888 (Iowa 1998).

We cannot conclude the district court erred in declining to instruct the jury on punitive damages. There is not substantial evidence in support of such an instruction. Society Insurance's use of a third-party audit service to advise on fees and negotiate fee payment does not constitute an independent tort. Similarly, the decision to negotiate fees is not evidence of legal malice. The mere fact the jury found a breach of contract here is insufficient to require an instruction on punitive damages. *See Hansen Co. v. Rednet Env. Servs., L.L.C.*, No. 16-0735, 2017 WL 4570406, at *4–7 (Iowa Ct. App. Oct. 11, 2017); *Polar Insulation*, 2016 WL 6396208, at *4 (affirming decision to not instruct the jury on punitive damages for a claim of breach of contract).

IV.

In his last claim of error, Dr. Milas contends the trial judge should have recused himself from this proceeding. Prior to the second trial, Dr. Milas filed a motion for recusal. Dr. Milas argued the court should have recused itself because the court had an ex parte communication with Society Insurance's counsel, because the court "showed an unfavorable disposition towards" Dr. Milas and Dr. Milas's counsel, and because the court "made a clear evidentiary error" against Dr. Milas. The district court denied the motion for recusal.

The burden of showing grounds for recusal is on the party seeking recusal. *See Campbell v. Quad City Times*, 547 N.W.2d 608, 611 (Iowa Ct. App. 1996). This burden is substantial, and we will not overturn the trial judge's decision absent an abuse of discretion. *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). To show an abuse of discretion, a party must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *In re Estate of Olson*, 479 N.W.2d 610, 613 (Iowa Ct. App. 1991).

The Iowa Code of Judicial Conduct provides, "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." Iowa Code of Judicial Conduct R. 51:2.2. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Iowa Code of Judicial Conduct R. 51:2.11(A). The Iowa Code of Judicial Conduct enumerates certain circumstances in which the judge must recuse himself. *See* Iowa Code of Judicial Conduct R. 51:2.11(A)(1)-(6). One such circumstance is when the "judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." Iowa Code of Judicial Conduct R. 51:2.11(A)(1). The enumerated

circumstances are nonexclusive, however, and the judge is disqualified "whenever the judge's impartiality might reasonably be questioned." Iowa Code of Judicial Conduct R. 51:2.11 cmt. 1. "Before recusal is necessary, actual prejudice must be shown." *State v. Biddle*, 652 N.W.2d 191, 198 (Iowa 2002).

The record shows Society Insurance's counsel did have a brief ex parte communication with the court during the course of trial for the purpose of informing the court counsel wanted to make a record on an issue. The communication was permissible, routine, and not cause for concern. *See* Iowa Code of Judicial Conduct R. 51:2.9 (allowing "ex parte communication for scheduling . . . provided . . . the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and gives the parties an opportunity to respond"). The court immediately notified Dr. Milas's counsel of the substance of the communication and gave his counsel an opportunity to respond. This incident does not serve as grounds for recusal.

Dr. Milas also contends the district court showed an unfavorable disposition toward Dr. Milas and his counsel. At one point during trial, outside of the presence of the jury, the court said, "[Counsel], it appears to me that Dr. Milas is kind of staring me down. I—it's very uncomfortable." The remainder of the evidence on this point consists of counsel's affidavit stating the district court's tone and temperament were inappropriate, without providing detail.

Dr. Milas also contends the court made an evidentiary error by admitting a record that contained hearsay. Dr. Milas does not challenge the admission of the exhibit by itself; he merely challenges the court's impartiality, citing the admission of this exhibit as proof of bias. Assuming without deciding the court did make an

evidentiary error, that alone is not proof of any bias, and it would not cause a reasonable person to question the court's impartiality.

With respect to these last two points, we cannot conclude the district court abused its discretion in denying the motion. The judge has the duty to decide. The judge is duty-bound to "hear and decide matters assigned to the judge, except when disqualification is required by rule 2.11 or other law." Iowa Code of Judicial Conduct R. 51:2.7.

> Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts. Unwarranted disqualification may bring public disfavor to the court and to the judge personally.

Iowa Code of Judicial Conduct R. 51:2.7 cmt. 1. It has thus been observed that mere speculation of partiality is not sufficient; "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Here, Dr. Milas's claims are mere speculation unsupported by the record. *See, e.g., In re Marriage of McGruder*, No. 06-1089, 2007 WL 3376899, at *4 (Iowa Ct. App. Nov. 15, 2007) (affirming denial of request for recusal where counsel complained of the judge's tone and tenor). There was no basis for the district court judge to ignore the duty to decide. We affirm the district court's denial of Dr. Milas's motion for recusal.

V.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**